[No. 5602.]

## WILLIAM NISBET v. JOHN NASH, CHAS. E. .SEXEY, and WILLIAM FLETCHER.

MINING PARTNER.—If one partner and part owner in a mining claim convey his interest to a stranger, the latter becomes thereby a partner with the other owners, and entitled to all the rights of his grantor.

DISSOLUTION, PARTITION, AND ACCOUNTING.—A partner cannot have partition and accounting without a dissolution of partnership; and a dissolution being found and decreed, the decree should provide for an accounting.

APPEAL from the District Court, Second Judicial District, County of Butte.

Both parties appeal—the plaintiff from so much of the decree as refuses an accounting, and the defendants from the rest of it.

The complaint alleges that the plaintiff and defendants are tenants in common of a certain quartz claim, described as situated in the County of Butte, and known as the Spring Valley Quartz Mining Claim; that he is the owner in fee of an undivided one-fourth of said claim, and that the defendants held like proportions; that the interests of said Chas. E. Sexey and William Fletcher are subject to the conditions of a certain bond referred to as "Exhibit A"; that a partition of said quartz ledge and premises cannot be made without great prejudice to the owners thereof, and that it will be necessary—to do complete justice between the owners—to order and decree a sale thereof.

The plaintiff, for a further cause of action, avers: That on and previous to the 13th day of September, 1865, one John Nisbet and John Nash were the owners of and in possession of the said quartz ledge and premises hereinbefore described, and certain other property described in "Exhibit A," hereto attached, and made a part of his complaint.

That on the said 13th day of September, 1865, John Nisbet and John Nash, in pursuance of a contract and agreement then and there made and entered into by and between the said John Nisbet and John Nash, as the parties of the first part, and Charles E. Sexey and William Fletcher, as the parties of the second part, sold, remised, released, and quitclaimed unto the said parties of the second part the undivided one-half of all of the premises and property hereinbefore mentioned and described, for and in consideration of the sum of five thousand dollars in United States gold coin, which said sum of five thousand dollars, gold coin of the United States, the said Charles E. Sexey and William Fletcher then and there agreed to pay to the said John Nisbet and John Nash, according to the terms of a written obligation bearing date on the day and year last aforesaid, which said obligation the said defendants Charles E. Sexey and William Fletcher then and there made, executed, and delivered to the said John Nisbet and John Nash, a copy of which said written obligation is hereto attached, marked "Exhibit A," and made a part of his complaint.

That the said Charles E. Sexey and William Fletcher have

failed and refused to comply with the conditions of said bond, and have failed and refused to work said mining claims and other property, so as to develop the same or realize a profit therefrom; and that the said defendants have failed to pay to the said John Nisbet, plaintiff, or the said John Nash, the said sum of five thousand dollars, or any part thereof; and that the said defendants Charles E. Sexey and William Fletcher do now absolutely refuse to prosecute said work in the development of said mine, or to contribute any means or labor to that end, so that a profit may be realized from the working of the same.

Plaintiff further alleges that the said Charles E. Sexey and William Fletcher are abundantly able and have the pecuniary means necessary to contribute to their portion of the expense in developing and making said mine productive.

The plaintiff further avers: That the defendants Charles E. Sexey and William Fletcher, by virtue of the conveyance as aforesaid from John Nisbet and John Nash to them of the undivided one-half of the quartz ledge, premises, and property above mentioned, were enabled to procure and they did procure from the Government of the United States, and have issued to them, in conjunction with the said John Nisbet and John Nash, a patent, granting and conveying to them the undivided one-half of the quartz ledge and surface ground hereinbefore particularly described.

The plaintiff further avers: That on the 12th day of August, 1873, John Nisbet, for a valuable consideration, and by indorsement upon said written obligation, sold, assigned, and transferred all his right, title, and interest in and to the said written obligation, and benefits thereof accruing to him, the plaintiff, and that plaintiff is now the legal owner and holder of said obligation.

The plaintiff further avers: That on the 12th day of August, A.D. 1873, John Nisbet, by deed, duly made, executed, and delivered, conveyed to the plaintiff his undivided one-fourth interest in the quartz ledge and surface ground hereinbefore particularly described, whereby and by means whereof plaintiff became and was the owner and in possession of the undivided

one-fourth part of the said quartz ledge and surface ground, and entitled to all the rights and privileges and responsibilities, as a partner with the said defendants, and as the said John Nisbet had been previous to the conveyance last aforesaid; and that ever since the 12th day of August, 1873, he has been and now is a mining partner with the defendants in the management and working of said ledge and surface ground.

For a further cause of action herein, the plaintiff avers: That a short time subsequent to the conveyance made by John Nisbet and John Nash to Charles E. Sexey and William Fletcher, of the undivided one-half of all the property hereinbefore mentioned, John Nisbet and the said defendants commenced work as mining partners in the working and development of said ledge, and that between that time and the commencement of this suit John Nisbet and the defendants, and since the sale by John Nisbet to plaintiff, the plaintiff and the defendants, have done and performed a large amount of work and labor in and upon said quartz ledge and surface ground, as mining partners, and that they have expended, as such mining partners, in sinking shafts, running tunnels and drifts, building flumes, and doing general work in and upon said quartz ledge and surface ground, the sum of three thousand dollars and over, and of that sum there remains due from said partnership the sum of two thousand three hundred dollars, and that the defendants nor either of them have paid any part or portion of said last mentioned sum, either to John Nisbet or plaintiff, and that John Nisbet and plaintiff have been compelled to pay and assume the payment of said sum, and that thereby the defendants have become indebted to John Nisbet and plaintiff for the three-fourths of the sum so paid and assumed by them, as aforesaid, to wit, in the sum of seventeen hundred and twenty-five dollars.

The plaintiff further alleges: That on the 12th day of August, 1873, John Nisbet sold, assigned, transferred, and set over to plaintiff the balance due him from said partnership, for moneys paid and assumed by him for the benefit of said partnership between the time of the commencement thereof and the 12th day of August, 1873; that the said balance is now due, owing, and coming to him from defendants, as mining partners

with the said John Nisbet; and that the said plaintiff claims and holds a lien upon the said quartz ledge and surface ground, as a mining partner, for the payment of said balance, to wit, the sum of seventeen hundred and twenty-five dollars.

Plaintiff prays judgment for partition, by sale, of the mining property described in his complaint, for an accounting of the mining partnership, and for a division of the proceeds of said sale, after payment of costs and expenses of sale, between the parties to the action according to their several interests and rights ; that plaintiff have two thousand five hundred dollars of said proceeds out of the portion going to said defendants Chas. E. Sexey and William Fletcher, and judgment over for any balance of said sum remaining unpaid; that one thousand seven hundred and twenty-five dollars of such proceeds going to defendants Nash, Sexey, and Fletcher be paid to plaintiff on partnership account, with judgment over against each of said defendants for one-third of any balance of said account remaining unpaid.

## " EXHIBIT A."

" Know all men by these presents : That we, the undersigned Charles E. Sexey, of Yuba County, State of California, and William Fletcher, of the City of Marysville, in said County of Yuba, are hereby jointly and severally held and firmly bound unto John Nash and John Nisbet, both of Butte County, State of California, in the penal sum of five thousand dollars, gold coin of the United States of America; for the payment of which said sum to the said John Nash and John Nisbet, their heirs, executors, administrators, or assigns, we hereby bind ourselves and each of us, our and each of our heirs, executors, and administrators, firmly by these presents.   Sealed with our seals, and dated this thirteenth day of September, in the year of our Lord one thousand eight hundred and sixty-five.   Whereas, by a certain indenture, bearing even date with these presents, and made between the said John Nisbet and John Nash, parties of the first part, and said William Fletcher and Charles E. Sexey, parties of the second part, the said parties of the first part did, for the consideration therein mentioned—one part of said consideration being the above written bond or obligation—remise,

release, and quitclaim unto the said parties of the second part the following described property, viz., being mining property and real estate, that is to say :

" First—all the undivided one-half of all that certain tract of land situated in Oregon Township, Butte County, State of California, and bounded as follows, to wit : On the north by a brush fence, forming the boundary of the claim of J. Millar, James Lynch, and N. Slater ; on the west by the brush fence running south to Feather River, and forming the boundary between the claims of A. Grummet, J. Macbeth, and Hamilton ; on the south by Feather River ; and on the east by the north fork of said river ; said boundaries including the possessory claims known as the Boxal Ranch ; also the Turnbull Ranch ; also the Jamieson Ranch ; also the David Tyre Ranch ; each containing one hundred and sixty acres, and described on the records of Butte County, with all the houses, fences, corrals, etc., thereon situated.

" Secondly—All the undivided half of all that certain piece of property situated, lying, and being at Spring Valley, Oregon Township, in said Butte County, formerly known as the ' Harris and Snooks Gold Quartz Mining Company,' land, and quartz ledge, and now known as the ' Spring Valley Mining Claims,' and land, comprising one hundred and sixty acres, more or less, together with the steam-engine now erected thereon, the quartz ledge, all water ditches and water privileges, dams, flumes, reservoirs, and mining claims ; being the same property purchased by Thomas McDaniels, at Sheriff's sale, on the 18th day of May, A. D. 1863, as per Sheriff's deed, dated November 30th, 1863, and recorded in Deed Book ' H,' pages twenty-three, twenty-four, twenty-five, with the improvements and appurtenances, to the end that the whole of the said mining property and real estate, with the improvements and appurtenances, (the undivided one-half whereof is, by the indenture now in recital, remised, released, and quitclaimed to the said Charles E. Sexey and William Fletcher) may henceforth be held by all them—the said John Nash, John Nisbet, William Fletcher, and Charles E. Sexey—as tenants in common, in equal shares and proportions ; and it is the intention of all the said parties forthwith

and henceforth to occupy, work, and cultivate the said land, mining property and premises for their mutual benefit. Now, the condition of the above written bond or obligation is such that if and so fast as the net profits of working and cultivating the said land, mining property, and premises shall be realized and ascertained, and partition and distribution thereof can be made among the parties entitled thereto, the said Charles E. Sexey and William Fletcher shall pay or cause to be paid to the said John Nash and John Nisbet, jointly and equally, (over and above the one-half of such net profits to which the said John Nash and John Nisbet are entitled in their own right) one-half of the said net profits, to the extent of five thousand dollars, United States gold coin, without interest, then these presents shall be void; otherwise in full force and effect.

" MARYSVILLE, California, 13th September, 1865.

" CHARLES E. SEXEY. [SEAL.]
" WILLIAM FLETCHER. [SEAL.] "

Their demurrer to the complaint having been overruled, defendants answered, admitting that John Nisbet and John Nash did convey to defendants Sexey and Fletcher the undivided one-half of all the premises and property in said Exhibit " A " described, the same including the premises and property in the complaint described, and other property, and that the sum of five thousand dollars, named in said Exhibit " A," and to be paid as therein stipulated and agreed, was the consideration for all the premises and property in exhibit, and not for the premises in the complaint described alone.

And further answering, defendants aver that the premises and property other than the premises and property in the complaint described, for the conveyance of which the said sum of five thousand dollars was to be and was the consideration, were at the time of such conveyance worth fully as much as the premises and property in said complaint described, and constituted fully one-half of all the property so conveyed in value.

Further answering by Sexey and Fletcher, they deny that plaintiff ever was or is, as grantee of John Nisbet, or otherwise, an owner or tenant in common with them in said mining prop-

erty. They deny that John Nisbet and John Nash, or either of them, conveyed an undivided half or other interest in said mining claim to said defendants, or either of them, for the sum alleged, and aver that said sum was the consideration also for other property worth as much as the interest conveyed in said mining claim. They deny that said defendants Sexey and Fletcher have failed or refused to comply with any of the conditions of said bond, or to work, or contribute by means or labor, to the development of said mining claim, but aver that they have contributed largely thereto, and have complied with all the conditions of said bond. They deny the alleged indorsement or transfer of said bond to plaintiff, or that thereby, or otherwise, he ever was or is a partner of said defendants, but they admit that they and John Nisbet have done a large amount of work, and have expended over three thousand dollars on said mining claims. They deny that any part of said sum ever was or is due to said plaintiff, but aver that all expenses and indebtedness incurred or authorized on partnership account have been fully paid and discharged. They deny that John Nisbet and plaintiff, or either of them, ever assumed or paid any part of said expenses or indebtedness, or any sum whatever, for any work or expenses incurred or authorized in the development of said mining claims by John Nisbet and defendants, or any of them. They deny that any sum or balance of any indebtedness on any account, by assignment from John Nisbet, or otherwise, ever was or is due or owing from defendants to plaintiff.

Wherefore, the premises considered, defendants pray judgment that plaintiff take nothing by his action and for their costs.

The cause was tried without a jury, and among other facts the Court found: That the plaintiff John Nisbet, Charles E. Sexey, William Fletcher, and John Nash are joint owners and tenants in common, each of an undivided one-fourth interest in and to the premises and mining property described in the plaintiff's complaint; that all the allegations of plaintiff's complaint, down to the allegations of a mining partnership, are true.

The Court further found that the parties to the action are not mining partners.

For further facts reference is made to the following extracts from briefs of counsel.

*Belcher & Belcher*, for Defendants and Appellants.

1. One of several parties engaged in a mining venture may, at his pleasure, sell his interest in the property acquired; but he cannot, except under special circumstances of wrong or oppression, maintain an action for partition. Our statute fixes the relations, duties, and liabilities of parties engaged in mining ventures toward one another; and it was the intention of the Legislature in giving to a party thus engaged with others the right to put another in his place without interrupting the business, to take away the common-law right of requiring a dissolution of the copartnership, and as well the right of a cotenant to demand partition of the common property. As a rule it would be ruinous to mining enterprises if the owner of a small interest in the mine could demand as matter of right partition or sale of the mining property.

2. The majority in interest of a mining partnership have the right to control the working of the mine and the affairs of the company. (*Dougherty* v. *Crary*, 30 Cal. 300.)

In this case, Nash, Fletcher, and Sexey owned three-fourths of the mine, and John Nisbet the other fourth. Together they had prosecuted work for more than three years for opening and developing the mines, and had expended more than three thousand dollars on the work. The contractors, of whom the plaintiff was one, abandoned their contracts, and the company, or at least three of the four members of it, determined that it was for the best interest of the company to suspend work for the time and to wait until a supply of water could be obtained at reasonable rates. They did not abandon the mine nor the purpose to work it, but only suspended work for the time. This the majority in interest had the right to do. (Civil Code, sec. 2520.)

That section declares that " the decision of the members owning a majority of the shares or interests in a mining partnership binds it in the conduct of its business."

3. Under the contract between Sexey and Fletcher of the

one part, and Nash and Nisbet of the other, the plaintiff was not entitled to demand or claim any portion of the five thousand dollars purchase-money from Sexey and Fletcher until it should be made out of their share of the net profits arising from the use of the property conveyed.

*P. O. Hundley*, for Appellant, Plaintiff.

1. That when Fletcher and Sexey purchased an undivided half of the mining claim from Nisbet and Nash, and actually engaged in the working of the claim, expending the sum of three thousand dollars and over, they became mining partners. (Civil Code, sec. 2511; *Taylor* v. *Castle*, 42 Cal. 370.)

The facts of the case clearly show that they were mining partners; they purchased the property for the purpose of working it as a mine.

They actually engaged in the working of the mining property as they had agreed to do. It was continued from 1865 to 1869.

They expended over three thousand dollars in that time in the working and development of the mining premises.

2. The partnership having been formed and commenced its existence, it continued until dissolved in some mode known to the law.

The evidence in this case nowhere discloses the fact of the dissolution of the partnership thus formed, nor was it in fact ever dissolved.

3. That the sale made by John Nisbet to William Nisbet of his interest in the mining property, and the assignment of the amount due to him from the partnership, did not dissolve the partnership. One of the partners in a mining partnership may convey his interest in the mine and business without dissolving the partnership. (Civil Code, sec. 2516; *Duryea* v. *Burt*, 28 Cal. 569; *Taylor* v. *Castle*, 42 Cal. 370.)

4. The Court having decided that appellant was entitled to partition of the property, he had also, under the allegations of the complaint, a right to an accounting of the partnership transactions, provided the evidence in the case disclosed the fact that there was a partnership existing between the owners. This, we think, the evidence clearly established.

By the COURT:

The Court erred in finding that plaintiff and defendants were not mining partners. They were.

The Court should have found whether or not the partnership had been dissolved.

If on a re-trial the District Court shall find that the partnership has been dissolved, the decree must be for an accounting. If the Court shall find that it has not been dissolved, it will become its duty to determine whether or not plaintiff is entitled to a decree of dissolution; and if it shall find that plaintiff is entitled to such decree, the decree should also provide for an accounting.

It is not necessary, at this time, to determine whether John Nisbet is a necessary party to this action, or to proceedings for an accounting.

Judgment and orders denying new trial reversed, and cause remanded for a new trial—each party to pay one-half the costs of these appeals.