[No. 6154.]

ESTATE OF CHARLOTTE H. MORGAN, DECEASED.

PUBLIC ADMINISTRATOR.—It is competent to the Public Administrator to petition for, and by order of the Probate Court to receive, letters of administration upon the estate of an intestate, notwithstanding the deceased may have expressed a wish to have another person settle the estate.

RECOMMENDATION OF PARTY FOR APPOINTMENT AS ADMINISTRATOR.—Where a distributee is legally incapable of receiving the appointment to administer an estate, a recommendation by him of another party for that purpose is addressed to the mere discretion of the Court, and is of no legal consequence whatever.

APPEAL from the Probate Court of Sacramento County.

In 1868, Charlotte H. Morgan died intestate, leaving real and personal property in Sacramento County of the value of about nine thousand dollars. She left three heirs—two nieces and a grandniece, all of whom were married women.

The petitioner, E. J. Croly, was intimately acquainted with the deceased, having occupied a room in her house for about seven years previous to her death, and she always advised with him in her business transactions. She told him before her death that she wished him to settle up her affairs in case of her death. Immediately before her death she attempted to dictate a will, and at that time requested Croly to act as her executor, but she died without completing the will. Croly filed a petition May 27th, 1878, praying for letters of administration upon the estate. The petition was accompanied by the written request of the three heirs that he be appointed administrator. On May 30th, 1878, Troy Dye, the Public Administrator, filed his petition praying that letters of administration be issued to him, and objecting to the appointment of Croly. Neither of the applicants was in any way related to the deceased nor entitled to share in the estate. Croly's petition was denied and Dye was appointed. Croly appealed.

*Tubbs & Cole*, for Appellant.

*John N. Young*, for Respondent.

By the COURT:

First—It was competent to the Public Administrator as such to petition for and by the order of the Probate Court to receive letters of administration upon this estate.

Second—Croly, who also petitioned for letters, but whose petition was refused; as being merely a "*person legally compe-*

*tent,"* (Code of Civil Procedure, sec. 1365, subd. 10) could not claim to administer in preference to the Public Administrator.

Third—Nor did the fact that Croly had been recommended to the Probate Court by the next of kin as being a suitable person to administer upon the estate, (under the Code of Civil Procedure, sec. 1379, as amended in 1878) give him any preference over the Public Administrator in claiming the administration of the estate, and this for two reasons:

1. The distributees and next of kin in this case are *married women*, and incapable, therefore, themselves of administering upon the estate, and their expressed preferences for the appointment of Croly, as set forth in their petition filed in the Probate Court, were of no legal consequence whatever.

2. But had it been otherwise in this respect, and had the next of kin been laboring under no such disability, their petition requesting the appointment of Croly was addressed to the *mere discretion* of the Probate Judge; it did not operate to supersede the claim of the Public Administrator, otherwise established under the statute, to receive letters of administration, and it not appearing that the Probate Court in refusing to appoint Croly has abused the discretion confided to it in terms by the statute, the order will not be disturbed, but must be affirmed here.

Order affirmed.    Remittitur forthwith.