[No. 7,075.—Department Two.]

## ESTATE OF ELIZA KELLY, DECEASED.

ADMINISTRATOR—ESTATES OF DECEASED PERSONS.—As between the public administrator and the nominee of the married daughter of the intestate, the public administrator has the better right to letters of administration.

APPEAL from an order granting letters of administration, in the Superior Court of the County of Sacramento. DENSON, J.

Eliza McDonald was the next of kin of the intestate, and she named the respondent (her husband) as administrator in her stead. The other facts are stated in the opinion.

*Clinton L. White*, for Appellant.

The request of the daughter of deceased did not give respondent any rights. A person *entitled* to the administration may, by request, empower the Court to appoint some other person. (§ 1379, Code Civ. Proc.) But being a married woman, she was not herself entitled to administer, and could therefore confer no rights on respondent by her request. She could not delegate power that she did not herself possess. (§ 1370, Code Civ. Proc.; § 2304, Civ. Code; *Estate of Morgan*, 53 Cal. 243.)

*P. · J. Hopper*, for Respondent.

As against appellant, respondent was entitled to letters of administration through the written request of the child of deceased, who was entitled, said respondent being a competent person. (§§ 1365, 1379, Code Civ. Proc.; *Estate of Cotter*, 54 Cal. 215.)

The COURT:

This case involves the question as to the right of administration. The public administrator applied for letters, and a counter-application was made by the nominee of a married daughter of the intestate. Under the provisions of the Code of Civil Procedure, we see no way of escaping the conclusion, that in such a case the public administrator has the first right. There have been, at various times, so many amendments to the Code concerning the right of administration, that it is quite difficult to extract a harmonious system; indeed, in the case at bar, we see no reason why the husband of the female heir may not administer, other than the rule as furnished to us by the Legislature.

Order reversed and cause remanded.