## ESTATE OF MICHAEL PICKETT, DECEASED.

[No. 4,371; decided November 7, 1885.]

**Words and Phrases.**—The Terms ''Surviving Wife'' and ''Widow'' are synonymous.

**Appointment of Administratrix.**—When a Widow Marries, she ceases to be the widow of her first husband; and then being a married woman, she loses her right to administer his estate, or to nominate an administrator.

This was a contest between two applicants for letters of administration, one being the nominee of the decedent's widow, who had remarried, and the other the public administrator of San Francisco, Philip A. Roach.

Wright & Cormac, for Public Administrator Roach.

Burnett & Bartlett, for O'Connell, nominee of former widow.

Geo. D. Shadburne, for absent heirs.

COFFEY, J. When Mrs. Pickett married Minihan, she ceased to be the widow of the decedent and lost her right to administer. Being a married woman she had no right herself, and had nothing to confer upon her nominee, O'Connell. The terms ''surviving wife'' and ''widow'' are synonymous, and are so treated in the statute and in the decisions, the supreme court commonly employing the term ''widow'' in the same signification as ''surviving wife.'' I have carefully conned and considered the brief of counsel for Mrs. Minihan's nominee, and have examined all the authorities accessible with a view to discerning the distinction drawn by them between the principles involved in the authorities cited by counsel for absent heirs, and the point raised here; but my conclusion is that the sense of the statute, and the result of the decisions of the supreme court, is to exclude the widow upon her second marriage from the right of nomination. The Estate of Cotter does, as counsel contend, settle the point that a nonresident widow is entitled to nominate although disqualified from serving, because, as the court

said, the right to nominate "does not depend upon the matter of residence," but it does depend upon the status of the nominator. The court there refers to "the widow of the deceased," "the right of the widow to nominate" (54 Cal. 217), thus treating "surviving wife" and "widow" as convertible terms. Mrs. Minihan is a married woman, and, as such, could neither administer nor nominate; being a married woman, how can she be accounted the "widow" of her predeceased husband?

I have searched the dictionaries and the decisions in vain for relief in this extremity. In the circumstances, her nomination is "of no legal consequence whatever": Estate of Morgan, 53 Cal. 243.

Counsel for the nominee express their assurance that before the court will refuse this claim of right in Mrs. Minihan, it will be fully statisfied that its decision expresses the intention of the legislature, and that the court will resolve its doubts, if any there be, in favor of a class whose rights it is especially organized to defend and protect.

In the Estate of Flaherty, decided February 11, 1884, this court, in the conclusion it reached, justified the assurance here avouched by counsel. That case was elaborately argued by John A. Wright, Esq., for the public administrator, and Messrs. Jarrett and C. W. Bryant for one claiming to be a nonresident widow, although in marital relations with another man, to whom she was ceremonially united during the lifetime of Flaherty (being under the impression that he was dead), and with whom she continued to cohabit after she learned that Flaherty was still in existence, and until his death and up to the time of making her nomination, and thereafter, and bearing the name of the second supposed spouse; but this court held that the second marriage was void, as she was then the lawful wife of Flaherty, and at his death as "surviving wife" or "widow" entitled to nominate. Conversely, it should seem, if she was, as counsel there contended, under the law of New York, the wife of another at the time of application, she would be disentitled to nominate. After full consideration I cannot discover any doubt of the intention of the legislature. If hardship result, the legis-

lature is responsible, not the court. As was said in the Estate of Boland, 43 Cal. 643 (in which estate one of the counsel here, W. C. Burnett, Esq., was concerned), "whatever right she (the quondam widow) may once have had . . . . she lost when she lost the status upon which the right depended."

Disregarding the demurrer, the petition of Mrs. Minihan's nominee, Patrick O'Connell, should be and is denied.

---

The Statute of California, upon which the decision in the principal case is based, has been amended. As the law now stands in that state, and in many other states, the marriage of a woman seems to have nothing to do with her competency as an executrix, as manifestly it should not. She is entitled to administer on the estate of her deceased husband, though married to another man: Estate of Dow, 132 Cal. 309, 64 Pac. 402.