[No. 18311.   Department One.—August 18, 1894.]

In the Matter of the Estate of H. W. MUERSING, Deceased.   F. V. A. de STUERS, Appellant, v. A. G. CLOUGH, Respondent.

Estates of Deceased Persons—Qualification of Public Administrator—Claim Against Estate—Construction of Code.—The mere fact of his being a creditor of, or having a demand against, an estate does not disqualify the public administrator from appointment as administrator thereof; and section 1738 of the code, requiring that the public administrator must not be interested in the expenditures of any estate "he administers," does not state a rule of disqualification.

Id.—Nonresident Father Incompetent—Invalid Request.—A nonresident father of a decedent is not competent or entitled to serve as administrator or to nominate an administrator, and the probate court in making the appointment is bound to disregard any request made by him.

Id.—Rights of Public Administrator.—The public administrator is entitled to letters of administration upon the estate of a decedent as against a nonresident father of the decedent or his nominee.

Appeal from an order of the Superior Court of Merced County granting letters of administration to the public administrator and denying them to another appellant.

The facts are stated in the opinion of the court.

*J. W. Knox*, for Appellant.

*T. C. Law*, and *W. A. Nygh*, for Respondent.

VAN FLEET, J.—H. W. Muersing died intestate in the county of Merced, leaving an estate therein, but no relative resident of the state, his next of kin being his father, a nonresident. Two applications were made for letters of administration upon the estate: one by A. G. Clough, as public administrator of the county, the other by one F. V. A. de Stuers, basing his right to administer upon the request and nomination of the father of deceased. The court appointed Clough, the public administrator, and denied the application of de Stuers, and the latter appeals from the order.

.The point relied upon by appellant for a reversal of the order is the alleged incompetency of Clough, the public administrator, to administer upon the estate by reason of the fact that he held a demand against the estate which would have to be paid during the course of administration. The fact upon which this objec-. tion was based, as disclosed by the evidence, was that the undertaking firm of Clough & Nordgren, in which the respondent, Clough, was a partner, had furnished the coffin and burial outfit for the deceased, for which they would have to be paid out of the estate. Appellant contends that by reason of this fact respondent is disqualified from administering the trust, and relies upon the provisions of section 1738 of the Code of Civil Procedure, as sustaining this contention. But that section has no application. It provides that "the public administrator must not be interested in the expenditures of any kind made on account of any estate *he administers,* nor must he be associated in business or otherwise with any one who is so interested." It is apparent that this section does not undertake to state a rule of disqualification, but simply prescribes a very salutary rule of official conduct to govern the public administrator in the discharge of his duty, and

prevent his trafficking to his advantage in the estate. It does not render incompetent as administrator one who, under the circumstances disclosed here, or otherwise, becomes a creditor of an estate before his appointment, but furnishes a ground upon which for a violation of its provisions the administrator would be subject to removal. There is nothing in this section, nor in the various other provisions of the code relating to estates of deceased persons, which have been called to our attention, tending to sustain the theory that the mere fact of being a creditor of, or having a demand against, an estate disqualifies one from appointment as administrator. Section 1369 of the Code of Civil Procedure prescribes the grounds which render one incompetent to serve as administrator, of which this is not one; and the courts have no right to add to the disqualifications prescribed by the legislature. (*In re Bauquier*, 88 Cal. 312, and cases there cited.)

Appellant seems to have abandoned any claim of right to letters based upon the nomination of the father, since that feature of the case is mentioned only incidentally in his statement of facts, and is not recurred to in the points. If it is to be regarded as a point made in the case, however, there is nothing in it. The evidence shows that the father lives in Holland, and upon the death of his son sent a cablegram requesting the appointment of De Stuers as administrator of the estate. Conceding that this was an authorized way to make such request, and that it was properly before the court for consideration, it had no legal significance. The father not being a resident of the state was not competent or entitled to serve as administrator (Code Civ. Proc., sec. 1369); and being incapable himself of administering, it was not competent for him to nominate an administrator. (*Estate of Beech*, 63 Cal. 458; *Estate of Kelly*, 57 Cal. 81; *Estate of Morgan*, 53 Cal. 243.) The court was, therefore, bound to disregard the request.

Not being incompetent, the public administrator was

entitled to letters as against the appellant. (Code Civ. Proc., sec. 1365.)

Order affirmed.

HARRISON, J., and GAROUTTE, J., concurred.