## ESTATE OF DOMINICK E. GRIFFITHS, DECEASED.

[No. 16,436; decided November 18, 1895.]

Administrator—Right of Nonresident to Act or Nominate.—One who is not a resident of this state is not competent to act as administrator; neither is he, unless a surviving spouse of the decedent, entitled to nominate an administrator in the first instance, or to have letters already granted revoked and his nominee appointed.

Administrator—Revocation of Letters.—Section 1385 of the Code of Civil Procedure applies only to an applicaton for a revocation of letters, and to give the court jurisdiction, a petition must be presented praying for such revocation. The section has no application to a petition for letters in the first instance.

**Administrator.**—As Between the Nominee of Nonresident Brothers of an intestate, and the public administrator, the latter is entitled to letters of administration.

**Superior Court.**—While the Decisions of One Department of the superior court are not absolutely binding upon the other departments, still they should at least be regarded as authority and not departed from except for substantial reasons.

Dominick E. Griffiths died intestate in the Republic of Mexico on May 27, 1895. At the time of his death he was a resident of San Francisco, California, and left estate therein. He left him surviving as his heirs his brothers, Joseph, Thomas M. and Edgar V. Griffiths. These heirs resided in New York, and on August 23, 1895, signed a request in writing that William S. Phelps be appointed administrator of their brother's estate, and on September 30, 1895, Mr. Phelps filed his petition for letters, together with this request. On the following day A. C. Freese, public administrator of the city and county of San Francisco, filed a counter-petition.

The provisions of the Code of Civil Procedure construed in the opinion below are as follows:

"Section 1365. Administration of the estate of a person dying intestate must be granted to some one or more of the persons hereinafter mentioned, the relatives of the deceased being entitled to administration only when they are entitled to succeed to his personal estate, or some portion thereof; and they are, respectively, entitled thereto in the following order:

"1. The surviving husband or wife, or some competent person whom he or she may request to have appointed;

"2. The children;

"3. The father or mother;

"4. The brothers;

"5. The sisters; . . . .

"8. The public administrator."

"Section 1369. No person is competent or entitled to serve as administrator or administratrix who is . . . . ; 2. Not a bona fide resident of the state."

"Section 1379. Administration may be granted to one or more competent persons, although not otherwise entitled to the same, at the written request of the person entitled, filed in the court."

"Section 1383. When letters of administration have been granted to any other person than the surviving husband or wife, child, father, mother, brother or sister of the intestate, any one of them who is competent, or any competent person at the written request of any one of them, may obtain the revocation of the letters and be entitled to the administration, by presenting to the court a petition praying the revocation and that letters of administration may be issued to him."

Morrison, Stratton & Foerster, for petitioner William S. Phelps.

J. D. Sullivan, for petitioner A. C. Freese, public administrator.

COFFEY, J. These are applications for letters of administration upon the estate of Dominick E. Griffiths; one application being filed by the public administrator, and one by W. S. Phelps at the request of the brothers of the decedent, who are his sole heirs at law, and who are all nonresidents of the state of California.

The application of Phelps should be denied and letters issued to the public administrator, for the reasons:

1. The supreme court has decided in several cases, on this state of facts, that the public administrator is entitled to letters of administration: Estate of Beech, 63 Cal. 458; Estate of Hyde, 64 Cal. 228, 30 Pac. 804; Estate of Muersing, 103 Cal. 585, 37 Pac. 520.

Counsel for Mr. Phelps endeavors to avoid the effect of these decisions by contending that the arguments he adduces were not presented to the supreme court in those cases.

This court will not overrule the supreme court decisions on any such presumption as that.

Such an argument could be made to the supreme court, and, if they desired, they could reverse their former decisions; but, until such decisions are reversed by the supreme court, they are the law in all such cases, to be followed by the lower court.

2. The petition of Phelps should be denied because, upon the very arguments presented by his counsel, the superior

court of the city and county of San Francisco (per Slack, J.) has decided in two cases that the public administrator is entitled to letters: See Estate of Clarissa P. Wheeler, No. 15,634, Probate; Estate of Jacob Rehder, No, 16,125, Probate.

So far as Judge Slack's decision is concerned, counsel contend that department 10 being of equal jurisdiction with this department, that, while his decision would be the law of the particular estate in which it was made, it would not be and is not authority in this case. Counsel further contend that this department will not be governed by any decision of Judge Slack, unless the reason of such decision addressed itself to the mind of this court, and this court is convinced that such decision is a proper exposition of the law.

In the case at bar, whatever possible criticism might be made upon a reversal by the supreme court would attach to the judge of this department, even though his decision should be based upon the prior decision of Judge Slack as authority; and it is further submitted that unless this court is convinced, independently of the authority of Judge Slack's decision, that the contention of the public administrator is correct, that the petitioner, Phelps, should not have cast upon him the hardship and expense of being an appellant instead of a respondent in any review of this case by the supreme court.

The provisions of the Code of Civil Procedure affecting this controversy are embraced from section 1365 to section 1383, inclusive. It is not necessary to quote these sections in full.

The application of Mr. Phelps is based upon the provisions of section 1383 of the Code of Civil Procedure, and he takes the position that while that section, properly speaking, provides for the *revocation* of letters, and the question now before this court is as to the original issuance of letters, yet the controversy practically rests upon the interpretation of section 1383. For if Mr. Phelps, as the nominee of the nonresident brothers of the deceased, is entitled to have the letters of the public administrator revoked immediately after their issuance, that then and in that event the first appointment would be nugatory and the procedure dilatory, which is contrary to the policy of the law, and will not be upheld by this court.

Counsel for Mr. Phelps contend that where this section says, "any competent person at the written request of *any one of them*," that this "any one of them" refers to the husband, wife, child, father, etc., without any reference to their competency or incompetency; that it is an elementary rule of grammatical and legal construction, that where a portion of a sentence refers to a class of persons such as "them" or "those" or the "aforesaid persons," such reference will not be limited to the parenthetical division of the sentence next preceding the reference, but will go back to the first recital of the class behind such parenthetical sentence; that the words "any one of them" cannot be held to refer to the parenthetical sentence next preceding, to wit, "any one of them who is competent," but refers to the list of persons immediately preceding that parenthetical sentence; that this is the only reasonable construction, and, had the legislators desired that the nomination should be only at the request of the person who is competent, they should have said so; that they do not say so, and in order to have said so they should have said, "at the written request of any one of them *who is competent*," thus making the reference cover the same class as the parenthetical sentence preceding it.

The Estate of Stevenson, 72 Cal. 164, 13 Pac. 404, it is claimed supports this construction of that section. At page 166 of the report the court uses this language: "And that section" 1365, Code of Civil Procedure, "does not conflict, as the appellant contends, in any respect with section 1383, Code of Civil Procedure."

Counsel argue that the only way in which sections 1365 and 1383 can be entirely reconciled is by giving to section 1383 this construction; that this is demonstrated by a simple reading of the two sections; for if, as was decided in the Estate of Stevenson, the surviving husband or wife can nominate whether competent or not, the same construction must be given, under section 1383, to the brothers whether competent or not.

Indeed, say the counsel, by examining the record in the Estate of Stevenson, it appears that the appellant's counsel, Messrs. Sawyer & Burnett, contended, on page 6 of their brief, for the construction of section 1383 which is here denied;

that is, that the nomination must be the nomination of a competent person.

In the brief in that case the attorneys for appellant proceed as follows: "We contend that, by the provisions of the section under consideration, an innocent kinsman is not only disqualified from serving as administrator, but also estopped from appointing another. Argument on this point is superfluous, as a mere reading of the law establishes it. 'When letters of administration have been granted to any person other than the surviving husband or wife, etc., . . . . *any one of them who is competent,* or any competent person at the written request of *any one of them'*—i. e., at the written request of any *one of them who is competent.* This is the unavoidable grammatical and logical construction of the statute, and as a consequence the incompetent husband or wife, or any other incompetent relative, cannot nominate a competent substitute. Section 1365, therefore, if it confer the right of nomination on the nonresident wife (which we feel justified in doubting), is here flatly contradicted. For, although section 1383 does not expressly put the negative declaration that *no competent person can appoint* another, yet it permits this privilege *only* to those who are competent. In effect, therefore, it is prohibitory, and antagonizes the Cotter decision. But if, on the other hand, we could construe the two sections (1365 and 1383) so that both would stand, it can only be done by denying that section 1365 contemplated the right of an incompetent husband or wife to appoint a nominee. Thus only can they be reconciled and the law reduced to harmony and consistency."

The supreme court, however, did not reconcile those two sections in the manner suggested by counsel in that case, by denying the right of either an incompetent husband or wife to nominate, but, on the contrary, upheld such right of nomination under section 1365, and, therefore, since the supreme court declared that there was no conflict, they must have reconciled those sections by giving to section 1383 the construction for which counsel contend; for it is manifest that if, under section 1365, the surviving spouse can nominate, in no other manner can those sections be reconciled.

A further argument is submitted in favor of giving to section 1383 the construction asked for by petitioner Phelps, as follows: Section 1383 provides for the revocation of letters, and is the only section in the code which does so provide. Section 1365, and other sections subsequent to it and prior to section 1383, relate only to the application for letters in the first instance. Since the legislature has provided in express terms for such revocation in section 1383, this court will not seek to patch up authority for the persons seeking such revocation from other sections of the code, but will look to section 1383 as alone embodying the law on the subject.

It is manifest, therefore, that if a surviving husband or wife has a right to nominate a person to obtain revocation of letters issued, such right must arise from the provisions of section 1383, or it does not exist. A mere inspection of that section will show that a surviving husband or wife and surviving brothers are in exactly the same position. No distinction whatever is made between them, and, as a necessary result, if surviving brothers incompetent to serve because of nonresidence cannot nominate a person to secure revocation of letters issued, a similarly incompetent surviving spouse cannot so nominate.

If the construction contended for by the public administrator is given to section 1383, we would be met with this curious anomaly, that though a surviving spouse, incompetent from nonresidence to act, would have the absolute right, under section 1365, to nominate a person who would obtain letters of administration in the first instance, still, if such surviving spouse failed to do so, and the public administrator or some other person should be appointed, revocation of the letters so issued could not be obtained by such incompetent surviving spouse.

Counsel for Mr. Phelps contend that this would be the unavoidable result of construing section 1383 in the manner contended for by the public administrator, for that section makes no distinction between the rights of a nominee of a surviving husband and wife and the rights of a nominee of brothers or sisters.

They say this cannot be the policy of the law nor the intention of the legislature, for since the surviving spouse can

nominate in the first instance, though incompetent to serve, there is and can be no reason why they should not be similarly allowed to nominate for revocation.

In the written opinion filed by Judge Slack in one of the cases above referred to, in which a contest similar to this arose, he bases his opinion principally upon the reason that it is not reasonable to suppose that the legislature intended to provide that a nonresident child could not nominate an administrator, and at the same time did intend to provide that, upon the appointment of another person, the child could then secure the revocation of the letters and the appointment of the other nominee, whose appointment he could not have originally obtained.

But it is contended by the counsel for the nominee that the intention of the legislature is manifestly the reverse of that recited by Judge Slack, and attention is directed to the provisions of section 1379 in that regard. That section evidently intended to provide that the person entitled to letters because of being in the proper class, as laid down by section 1365, could, if a nonresident, nominate another to be appointed in his stead. The section is carelessly drawn, and proceeds: "When the person entitled is a nonresident," etc., and the supreme court has held in the Estate of Beech, 63 Cal. 458, that by section 1379 the legislature has provided for a contingency which never can arise, since it uses the words "the person entitled," and since a nonresident cannot be "entitled" because of such nonresidence the section is virtually of no effect.

However, though section 1379 may be carelessly and unskillfully drawn and worded, still the intention is manifest to give the person entitled the right to nominate though a nonresident, for it cannot be contended that the legislature would burden the statute books with a law which would be without effect, except by construing it to give a nonresident the right to nominate.

But it chances that section 1383 following section 1379 is more carefully and skillfully drawn, and by its terms the right to nominate for revocation is expressly given to a nonresident by language to which, it is insisted by counsel for the nominee, no other construction can be given.

If it should be held, under the decisions of the supreme court construing section 1379, that in effect section 1383 conflicts with it, why then section 1383 must prevail: See Pol. Code, secs. 4483, 4484.

In case of conflict the later section must prevail, though to give it effect works a repeal of the prior section.

It is said that the arguments herein adduced have never been presented to the supreme court, and were not presented to Judge Slack in the cases decided by him (published in the "San Francisco Law Journal," Saturday, November 16, 1895).

While these decisions are not absolutely binding upon another department of the superior court, such decisions should at least be taken .as authority for a decision, and they should not be reversed by another department of this court except for the gravest reasons, which do not exist in this case.

3. The petition of Mr. Phelps, the nominee, should be denied because section 1383 of the Code of Civil Procedure, upon which he bases his application, is wholly inapplicable to the application in this case.

Section 1383 applies only to an application for a revocation of letters, and in order to give the court jurisdiction, a petition must be presented praying for the revocation of letters. In this case there is no such petition, and this court is called upon to presume that if letters of administration were issued to the public administrator, the brothers of the decedent in New York would be dissatisfied, and would ask to have those letters revoked; this they have not done, and until they are dissatisfied with an administrator appointed there can be no proceeding under section 1383.

4. The application of Mr. Phelps should be denied, for the reason that under a proper construction of section 1383 the brothers would not be entitled to have letters of administration issued herein to the public administrator revoked, even if the same had been granted, because they themselves are not competent to serve as administrator and cannot request: Estate of Clarissa P. Wheeler, No. 15,634, Probate; Estate of Jacob Rehder, No. 16,125, Probate.

The construction given by Judge Slack to section 1383 is the correct construction of the statute, and harmonizes the several sections, to wit, 1365, 1379 and 1383: See, also, Estate of Stevenson, 72 Cal. 164, 13 Pac. 404.

At the end of the opinion the court refers to section 1383, and holds there is no conflict between that section and sections 1365 and 1379.

Now, the supreme court has decided that in a case of this kind the public administrator is entitled to letters, and if there is no conflict he would be similarly entitled, if compelled, to resist an application to revoke letters upon a similar state of facts under section 1383.

Under the construction of section 1383 claimed by counsel for Mr. Phelps, there would be a distinct conflict between sections 1379 and 1383 and sections 1365 and 1383.

Under section 1379 the public administrator would be entitled to letters, and under the construction of 1383 claimed by his counsel Phelps would not be entitled. Here is a conflict.

Under section 1365 only relatives entitled to succeed to the personal estate of the decedent, or a portion thereof, are entitled to administer.

Suppose in this matter Griffiths' father was alive and living in New York. Under the provisions of section 1365, even if the brothers were residents, in such a case the public administrator would be entitled to the letters; but under the construction of section 1383, as contended for by counsel for Mr. Phelps, the nominee of the brothers (even if the father were living) would be entitled to letters as against the public administrator (though they had no interest in the estate, the father being the sole heir), thus creating a conflict between sections 1365 and 1383, Code of Civil Procedure.

With reference to the rights of the surviving husband and wife, counsel seems to have the idea that sections of the code are not to be construed together. Under the provisions of section 1365 and the decisions of the supreme court the right of a surviving husband or wife to nominate an administrator is well established, and, construing these sections together, there is no conflict between them.

Sections of the codes relating to the same subject matter are to be read together in order to ascertain the intention of the legislature: Taylor v. Palmer, 31 Cal. 244.

Application of public administrator granted.

---

**A Person Nominating Another for Appointment as Administrator** must himself be competent to fill the office, except that a surviving husband or wife has an absolute right to nominate a fit person to serve in his or her stead. It follows that a nonresident father or brother of a decedent is not entitled to nominate an administrator of his estate; but that a surviving spouse, though incompetent to act as administrator because of nonresidence, is entitled to nominate some person competent for the position: Estate of McDougal, 1 Cof. Pro. Dec. 109, and note; Estate of Bedell, ante, p. 78; 1 Ross on Probate Law and Practice, 341.