[S. F. No. 6227. Department One.—August 6, 1912.]

In the Matter of the Estate of LAWRENCE MARTIN, Deceased.

ESTATE OF DECEASED PERSON—NONRESIDENT IS INCOMPETENT TO SERVE AS ADMINISTRATOR.—Under section 1369 of the Code of Civil Procedure, a nonresident of this state, having all other requisite qualifications, is neither competent nor entitled to serve as administrator of the estate of a deceased person.

ID.—NOMINEE OF INCOMPETENT RELATIVE CANNOT PETITION FOR REVOCATION OF LETTERS.—Section 1383 of the Code of Civil Procedure, providing that "when letters of administration have been granted to any other person than the surviving husband or wife, child, father, mother, brother, or sister of the intestate, any one of them who is competent, or any competent person at the written request of any one of them, may obtain the revocation of the letters, and be entitled to the administration," authorizes the revocation of letters already granted only upon the petition of one of the designated relatives who is competent to serve as administrator, or upon the petition of a nominee of one who is himself competent to serve as such. A nominee of a nonresident relative cannot maintain a petition for such revocation.

APPEAL from an order of the Superior Court of Napa County denying a petition for the revocation of letters of administration on the estate of a deceased person, and refusing to issue letters of administration to the petitioner. Henry C. Gesford, Judge.

The facts are stated in the opinion of the court.

Percy S. King, and J. R. Pringle, for Appellant.

Clarence N. Riggins, for Respondent.

ANGELLOTTI, J.—The deceased died intestate, and Clarence Martin, a nephew and heir (being a son of a deceased brother of deceased), was appointed administrator of his estate on October 19, 1911. Letters of administration were issued to said Clarence Martin on October 24, 1911. On November 29, 1911, John Martin, a son of Andrew Martin, who is a brother of deceased and one of his heirs, at the written request of his father, filed his petition under section 1383 of the Code of Civil Procedure, for the revocation of such letters of administration issued to Clarence Martin, and asking that he, John Martin, be appointed administrator of said estate. Said Andrew Martin, father of said petitioner, is in all respects competent to serve as administrator, except that he is a nonresident of the state, being a resident of Ireland. For this reason he is neither competent nor entitled to serve as administrator. (Code Civ. Proc., sec. 1369.) The petitioner himself is a resident of this state and in all respects competent. The lower court finding that Andrew Martin was incompetent to be appointed by reason of nonresidence, concluded that petitioner had no right under section 1383 of the Code of Civil Procedure, to a revocation of the letters theretofore granted to Clarence Martin, the theory being that such section authorized the revocation of letters only upon the petition of a relative who is himself competent to serve as administrator, or upon the petition of a competent nominee of such a relative who is himself competent. It therefore denied the petition. This is an appeal by said petitioner from the order denying his petition.

Section 1383 of the Code of Civil Procedure, provides: "When letters of administration have been granted to any other person than the surviving husband or wife, child, father, mother, brother, or sister of the intestate, any one of them who is competent, or any competent person at the written request of any one of them, may obtain the revocation of the letters, and be entitled to the administration, by presenting to the court a petition praying the revocation, and that letters of administration may be issued to him." The words "who is competent, or any competent person at the written request of any one of them" were inserted in this section by amendment April 16, 1880. (Amendments to Codes 1880, p. 80.) Sections 1384 and 1385 of the Code of Civil Procedure,

provide for the notice and hearing on such petition, and the latter section provides that "if the right of the applicant is established, and he is competent, letters of administration *must* be granted to him, and the letters of the former administrator revoked." By section 1369 of the Code of Civil Procedure, it is provided that "no person is competent or entitled to serve as administrator or administratrix" who is 1, under the age of majority, 2, not a *bona fide* resident of the state, 3, convicted of an infamous crime, 4, adjudged by the court incompetent to execute the duties of the trust by reason of drunkenness, improvidence, or want of understanding or integrity.

It is not disputed that Andrew Martin by reason of his nonresidence was not "competent or entitled to serve as administrator" (Code Civ. Proc., sec. 1369), and that he was therefore not entitled to personally petition under section 1383 of the Code of Civil Procedure for the revocation of the letters theretofore granted to Clarence Martin. Does section 1383 of the Code of Civil Procedure, give his nominee any greater right in the matter than he himself has? Was it the intent of the framers of the amendment of 1880 to that section to give to a relative named therein the right, under the circumstances set forth therein, to clothe any competent person not otherwise entitled to administer, with the authority to obtain a revocation of the letters previously issued to another and a grant of letters to himself, although he (such relative), could not ask for such revocation or be appointed administrator, by reason of his own incompetency? This is the question presented by this appeal.

The meaning of section 1383 of the Code of Civil Procedure, in this regard is not entirely free from doubt, but we are of the opinion that the lower court was correct in its conclusion that the section authorizes the revocation of letters already granted only upon the petition of one of the designated relatives who is competent to serve as administrator, or the petition of a nominee of such a one, i. e., the nominee of one who is himself competent to serve as administrator. Taking the section as it stands, without regard to other sections of our Probate Act, and looking solely to its general purpose, such would appear to be a fair construction of its provisions. The general purpose of the section has been declared to be

to allow a prior right to letters to be asserted against one who has obtained a grant of letters by virtue of a secondary right—to permit the former administrator to be superseded by a person of another and superior claim. (See *Estate of Wooten,* 56 Cal. 322, 326; *Estate of Aldrich,* 147 Cal. 343, 345, [81 Pac. 1011].) It is solely in the interest of the person having such prior right or belonging to such superior class. But if the relative is incompetent under the laws of this state to obtain letters or serve as administrator, he has no prior right to letters over the person theretofore appointed, and does not belong to a superior class in the matter of the right to letters. This being the situation the legislature provides for the initiation of proceedings for revocation when letters have been granted to any other person than to a husband or wife, child, father, mother, brother, or sister of the deceased "by any one of them who is competent, or any competent person at the written request of any one of them." The right to obtain such revocation is solely for the benefit of the relative. It is limited by express terms in the first instance to such of the designated relatives as are themselves competent, and the words "at the written request of any one of them" may well be construed as referring solely to those described in the last preceding clause, viz.: "any one of them who is competent," thus giving the *competent* relative the right to act either directly or through a nominee.

When we consider the section in the light of the well settled law as to the rights of such relatives, other than a surviving husband or wife, on an original application for letters of administration, this would appear to be almost the necessary construction. Section 1365 of the Code of Civil Procedure, specifies the persons "entitled to administer," and the order in which they are severally entitled, being "1. The surviving husband or wife, or some competent person whom he or she may request to have appointed. 2. The children. 3. The father and mother. 4. The brothers. 5. The sisters," etc. It is thoroughly settled that except in the case of a surviving husband or wife, the competent nominee of a relative who is incompetent by reason of nonresidence is not "entitled" to letters on an original application for letters, by virtue of his nomination by such relative. (See *Estate of Beech,* 63 Cal. 458; *Estate of Muersing,* 103 Cal. 585, [37

Pac. 520]; *Estate of Kelly,* 57 Cal. 81; *Estate of Morgan,* 53 Cal. 243.) It is thus clear that the competent nominee of a nonresident child, father, mother, brother, or sister of the deceased would not have been entitled by reason of such nomination to letters of administration as against Clarence Martin at the time the latter was appointed, if he had then filed his petition, asking for such letters, and this because of the incompetency of the person nominating him. The cases cited make this clear, and the fact is not disputed by learned counsel for appellant. It is unreasonable to assume in the absence of language clearly compelling such a conclusion, that the legislature intended that such a nominee should have the absolute right to insist on the revocation of letters, the issuance of which neither he nor the person nominating him could have successfully opposed in the first instance. Especially is this true when we bear in mind that the purpose of section 1383 of the Code of Civil Procedure, is, as we have said, to allow a prior right to letters to be asserted against one who has obtained a grant of letters by virtue of a secondary right.

Much reliance is placed by appellant on the fact that the amendment to section 1383 was made within a few weeks after this court decided the case of *Estate of Cotter,* 54 Cal. 215, wherein it was held that the surviving husband or wife of a deceased person, though incompetent to serve on account of nonresidence, nevertheless is entitled to nominate a suitable person for administrator, who would thereupon become entitled to letters on an original application in preference to any of the other persons named in section 1365 of the Code of Civil Procedure. This section has already· been referred to. The decision referred to was based upon the express language of subdivision 1 of that section, which gives the first right to letters to "the surviving husband or wife, or some competent person whom he or she may request to have appointed." It was said that this statute "does not make the right of the surviving husband or wife to nominate depend upon the matter of residence." But the legislature was dealing with an entirely different question in amending section 1383 of the Code of Civil Procedure, viz.: the right to a revocation of letters already granted at the instance of one having a prior right, and we do not think that the

language used by it in such amendment was such as to war-
rant a conclusion that it was endeavoring to apply the rule
declared in the Cotter case to applications for revocation.
Especially is this true when we consider that no amendment
was made conferring upon the nominee of any heir other than
the surviving husband or wife, the right to letters of admin-
istration in place of said heir upon the original granting of
letters.

It may be that there is no good reason why any heir should
not be placed in the same position in the matter of obtaining
letters in the first instance as is the surviving husband or
wife, that is with the absolute right to nominate in his place,
even if incompetent by reason of nonresidence, some compe-
tent person to act in his place, who shall have the same right
to letters that he would have if a resident of the state.     That,
however, is a matter within the legislative domain.   As has
been said by this court, ''there have been, at various times,
so many amendments to the code concerning the right of
administration, that it is quite difficult to extract a har-
monious system.''   (*Estate of Kelly*, 57 Cal. 81.)   We can-
not claim that our construction of section 1383 of the Code
of Civil Procedure, makes our system in this regard absolutely
harmonious, but as many, if not more, discordant notes would
be found if the construction contended for by appellant
should be adopted.

The order appealed from is affirmed.

Shaw, J., and Sloss, J., concurred.