[Sac. No. 3030. In Bank.—August 13, 1920.]

In the Matter of the Estate of JUAN MINTABERRY, etc., Deceased. EDWARD BICKMORE, Appellant, v. W. M. GRIFFIN, etc., Respondent.

[1] Estates of Deceased Persons—Revocation of Letters of Administration — Relatives Entitled — Construction of Section 1383, Code of Civil Procedure.—Section 1383 of the Code of Civil Procedure relating to the revocation of letters of administration only authorizes any of the relatives named in the section to act through a nominee, when such relative is personally competent to qualify as administrator.

[2] Id.—Nominee of Nonresident Widow—Incompetency to Petition for Revocation of Letters.—The nominee of a nonresident surviving wife is not entitled under section 1383 of the Code of Civil Procedure to petition for the revocation of letters of administration on the estate of her deceased husband issued to the public administrator, notwithstanding under subdivision 1 of section 1365 of such code a nonresident husband or wife is permitted to nominate a representative on an original application for letters.

APPEAL from an order of the Superior Court of Merced County denying a petition for revocation of letters of administration. E. N. Rector, Judge. Affirmed.

The facts are stated in the opinion of the court.

William T. Hawkins for Appellant.

J. J. Griffin and Hugh K. Landram for Respondent.

SLOANE, J.—This is an appeal from an order denying the petition of Edward Bickmore for revocation of letters of administration issued to W. M. Griffin, public administrator of Merced County, in the matter of the estate of Juan Mintaberry, deceased, and praying for issuance of letters to himself.

The petitioner is the nominee of the widow of the decedent, who is a resident of the state of Nevada, and therefore personally disqualified. The application for such change of administrators was made under section 1383 of the Code of Civil Procedure, which provides as follows: "When letters

of administration have been granted to any other person than the surviving husband or wife, child, father, mother, brother, or sister of the intestate, any one of them who is competent, or any competent person at the written request of any one of them, may obtain the revocation of the letters, and be entitled to the administration, by presenting to the court a petition praying the revocation, and that letters of administration may be issued to him.''

[1] The trial court in denying the prayer of the petitioner held that this code provision only authorizes any of the relatives named to act through a nominee, when such relative is personally competent to qualify as administrator. Such must be held to be the proper construction of the statute in view of the decision of this court in *Estate of Martin,* 163 Cal. 440, [125 Pac. 1055]. In the Martin case revocation was sought by the nominee of a nonresident brother. The court there says: ''The right to obtain such revocation is solely for the benefit of the relative. It is limited by express terms in the first instance to such of the designated relatives as are themselves competent, and the words 'at the written request of any one of them' may well be construed as referring solely to those described in the last preceding clause, viz., 'any one of them who is competent,' thus giving the competent relative the right to act either directly or through a nominee.'' So construing the section this court denied the right of the nominee of the nonresident brother to petition for revocation of letters and to succeed to the administration, under the terms of this section of the code.

[2] Appellant seeks to avoid the application of the construction adopted in *Estate of Martin, supra,* for the reason that the present case involves the right of a surviving wife, claiming a superior right of nomination by virtue of the preference given by subdivision 1 of section 1365 of the Code of Civil Procedure. This cannot be done without doing violence to the plain language of section 1383. Standing by itself, section 1383 clearly places the surviving husband or wife upon the same footing as the child, father, mother, brother, or sister in the matter of petitioning for revocation, and there is no such relation between the two code sections cited as to justify reading into the latter an exception in favor of a husband or wife which cannot apply to the other

relatives therein named. Obviously, either all or none are required by section 1383 to be qualified in person to act as administrator before naming a substitute.

As suggested by counsel for appellant, it may be an unreasonable rule which permits the nonresident husband or wife to nominate a representative on an original application for letters of administration, but denies such privilege in the matter of revocation, where a stranger to the estate or a public administrator may have taken advantage of the nonresidence of the husband or wife to slip into the office unobserved; but the whole matter of representation of the estate is one of statutory regulation, and the legislature has a wide discretion in determining the conditions to be imposed. It would perhaps be equally inconsistent to permit a nonresident brother or sister, father or mother of decedent to compel a revocation of letters through a nominee when not permitted to act through such nominee on an original application for letters. We are compelled to accept one or the other horn of the dilemma.

On the authority of the *Estate of Martin, supra,* the judgment is therefore affirmed.

Shaw, J., Angellotti, C. J., Olney, J., Wilbur, J., Lennon, J., and Lawlor, J., concurred.