[Civ. No. 15147. Second Dist., Div. Two. May 2, 1946.]

Estate of SALLIE T. RICHARDSON, Deceased. MARY WILLETTA WALKER, Respondent, v. CHARLES S. DARDEN, as Executor, etc., Appellant.

Charles S. Darden, in pro. per., for Appellant.

Harold B. Pool for Respondent.

McCOMB, J.—From an order of the probate court revoking letters testamentary issued to Charles S. Darden, he appeals.

Three questions are presented for our determination which will be stated and answered hereunder seriatim:

First: *Did the probate court have the right to revoke the letters testamentary without a hearing on the merits of appellant's current account?*

This question must be answered in the affirmative. Section 521 of the Probate Code provides in part as follows:

"Suspension and Removal: Causes and procedure. Whenever a judge of the court has reason to believe from his own knowledge, or from credible information, that any executor or administrator has . . . wrongfully neglected the estate, or has long neglected to perform any act as such executor or administrator, he must cite such executor or administrator to appear and show cause why his letters should not be revoked, and may suspend his powers until the matter is investigated. . . ."

There is no requirement in such provision that the court must go into the merits of the executor's account, it being sufficient to warrant the revocation of letters testamentary if it be shown that the executor has mismanaged, wasted, embezzled the property of the estate, or has wrongfully neglected the estate, etc.

■ Second: *Was there substantial evidence to sustain the trial court's finding that appellant had neglected the estate and should therefore be removed?*

This question must also be answered in the affirmative. The trial court found supported by substantial evidence that appellant had not filed an inventory and appraisment of the assets of the estate. The evidence discloses that appellant was appointed executor of the estate on May 17, 1943, and that an appraisement was not filed until early in January, 1945. Therefore pursuant to the provisions of section 610 of the Probate Code, more than three months having elapsed after his appointment without the filing of an inventory and appraisement, the court was authorized on this ground alone to remove appellant as executor. (See Prob. Code, §§ 600 and 610.)

■ Third: *Can a nonresident heir institute a proceeding to revoke letters testamentary?*

This question must likewise be answered in the affirmative. Petitioner was a nonresident of the State of California. She was likewise a residuary legatee under the will of Sallie T. Richardson. This being true she was entitled to institute proceedings for the removal of appellant as executor. Section 522 of the Probate Code provides that any person interested in the estate may appear at the hearing instituted pursuant to the provisions of section 521 of the Probate Code and file allegations in writing showing that the executor or administrator should be removed. It is clear under this

section that there is no requirement that the party seeking the removal of the executor should be a resident of California; it is sufficient that such party is interested in the estate.

In the present case it is clear that Mrs. Walker who appeared and sought removal of appellant was a person interested in the estate, since she was a residuary legatee.

*Estate of Martin,* 163 Cal. 440 [125 P. 1055], and *Estate of Mintaberry,* 183 Cal. 566 [191 P. 909], are inapplicable to the present case since such cases have to do with the interpretation of the language in section 1383 of the Code of Civil Procedure, now section 450 of the Probate Code. The cited cases deal solely with the question of revocation of letters of administration on the petition of someone, or the nominee of someone, who claims a prior right thereto. The cases have nothing to do with the question of revocation for mismanagement or failure to properly act as an executor.

For the foregoing reasons the order is affirmed.

Moore, P. J., and Wilson, J., concurred.