[No. 6,231.]

IN THE MATTER OF THE ESTATE OF HENRY B. COTTER, DECEASED.

ADMINISTRATION—NOMINATION OF ADMINISTRATOR.—The surviving husband or wife of a deceased person, though incompetent to serve on account of non-residence, nevertheless is entitled to nominate a suitable person for administrator.

APPEAL from an order appointing respondent, and refusing to appoint appellant, administrator, in the Probate Court of the City and County of San Francisco. MYRICK, J.

The facts are stated in the opinion.

Chester Seeber, for Appellant.

E. J. & J. H. Moore, for Respondent.

Department No. 1, Ross, J.:

Both parties to the controversy claim the right to administer the estate of Henry B. Cotter, deceased. Which has the better right, is the question to be determined.

Cotter died intestate, in the State of Missouri, on the 4th of April, 1878, being, at the time of his death, a resident of that State, and leaving surviving him a wife and two minor children, his sole heirs-at-law. He left in the City and County of San Francisco, State of California, fourteen thousand dollars' worth of personal property. On the 20th day of May, 1878, the widow filed in the Probate Court of the City and County of San Francisco a renunciation of her right to administer upon the estate, together with a request that letters of administration

thereon be granted to one Thomas Crane, a resident of San Francisco, and a competent person. Thereupon, and on the same day, Crane petitioned the Probate Court for letters, to which petition Doolan, the Public Administrator of the City and County of San Francisco, filed objections. On the 3rd day of June, 1878, Doolan filed a petition, praying the issuance of letters of administration of the estate to him; claiming that, as Public Administrator, he was of right entitled thereto. Both petitions were heard together on the 9th day of July, 1878, and the facts above mentioned being made to appear, the Probate Court made an order overruling the objections, denying the petition of Doolan, and granting letters of administration to Crane. From this order the Public Administrator appeals.

We shall assume, as most favorable to appellant, that the rights of the parties must be determined by the law as it stood at the time the order was made, and not when the proceedings were inaugurated. At that time the amendments to §§ 1365 and 1369 of the Code of Civil Procedure, which were adopted on the 1st of April, 1878, had gone into effect. Those sections then read as follows:

"Section 1365. Administration of the estate of a person dying intestate must be granted to some one or more of the persons hereinafter mentioned, the relatives of the deceased being entitled to administer only when they are entitled to succeed to his personal estate, or some portion thereof; and they are, respectively, entitled thereto in the following order:

"1. The surviving husband or wife, or some competent person whom he or she may request to have appointed;

"2. The children;

"3. The father or mother,

"4. The brothers;

"5. The sisters;

"6. The grandchildren;

"7. The next of kin entitled to share in the distribution of the estate;

"8. The public administrator;

"9. The creditors;

"10. Any person legally competent."

" Section 1369.   No person is competent or entitled to serve as administrator or administratrix who is:

" 1. Under the age of majority;

" 2. Not a *bona fide* resident of the State."

The foregoing are the sections of the Code that bear upon the question.

It is claimed on behalf of the appellant, that, inasmuch as the widow of the deceased was incompetent to serve as administratrix by reason of her non-residence, it follows that she had no right to request the appointment of another, and that her nomination in that behalf was of no consequence.   The error of appellant comes from supposing that the right of the widow to nominate is derived from § 1379 of the Code of Civil Procedure.   If that was true, his conclusion might, and probably would, be correct.   But by § 1365, above quoted, the first right to administer is expressly given to " the surviving husband or wife, *or some competent person whom he or she may request to have appointed.*"

This provision is so far modified by § 1369, as to prevent any one from serving who is a non-resident of the State ; and where, as in the present case, the surviving wife is a non-resident, she cannot serve as administratrix.   But the fact that, by reason of her non-residence, she cannot herself act in that capacity, does not deprive her of the right to name some one who can.   Of course the person suggested by her must be competent to serve, and the question of competency is a matter for the Probate Court to determine.   But if found competent, it is the duty of that Court to appoint the one whose appointment is so requested. The statute does not make the right of the surviving husband or wife to nominate depend upon the matter of residence, and there would be no reason in such requirement.   There may be, and doubtless are, however, very good reasons for that provision which declares that no person shall *serve* as administrator or administratrix who is not a *bona fide* resident of the State ; but this inhibition, and the reasons for it, only goes to the right of the non-resident surviving husband or wife to *serve* in that capacity, and does not abridge or conflict with the right expressly conferred by § 1365 upon the " competent person whom he or she may request to have appointed."

The *Estate of Morgan*, 53 Cal. 243, depended upon other provisions of the statute than those considered here. That case does not aid appellant.

Order affirmed.

McKinstry, P. J., and McKee, J., concurred.