[No. 9502.   Department Two. — March 19, 1887.]

IN THE MATTER OF THE ESTATE OF JOHN STEVENSON, DECEASED. ROBERT STEVENSON, APPELLANT, *v.* PHILIP A. ROACH, ADMINISTRATOR, ETC., RESPONDENT.

ESTATE OF DECEDENT—NON-RESIDENT SURVIVING WIFE MAY NOMINATE ADMINISTRATOR. — Under section 1365 of the Code of Civil Procedure, the non-resident surviving wife of a deceased testator, although incompetent to serve as the administratrix with the will annexed of his estate, has power to request, and thereby have appointed, some competent person to act as administrator.

APPEAL from an order of the Superior Court of the city and county of San Francisco admitting a will to probate and granting letters of administration thereon.

The facts are stated in the opinion.

*Sawyer & Burnett,* for Appellant.

The resident brother was entitled to administer on the estate prior to the nominee of the non-resident widow. (*Estate of Beech,* 63 Cal. 458; *Estate of Morgan,* 53 Cal. 243; *Estate of Kelly,* 57 Cal. 81; Code Civ. Proc., secs. 1365, 1383.)

*Wright & Cormac,* for Respondent.

The nominee of the non-resident surviving wife has the prior right to administer. (*Estate of Cotter,* 54 Cal. 215; *Estate of Robie,* Myrick's Prob. 226; *Estate of Cotter,* Myrick's Prob. 179.)

*O. P. Evans,* for absent heirs.

FOOTE, C.—John Stevenson died in Scotland some time in the year A. D. 1882, leaving a will which was probated in that country, by the terms of which instrument he devised his entire estate to trustees for the benefit of his widow and niece.   P. A. Roach, the public adminis-

trator for the city and county of San Francisco, on the thirtieth day of July, A. D. 1883, filed in the Superior Court of said city and county an authenticated copy of said will, and its probate in Scotland, accompanied by a request in writing from the said widow that he be appointed administrator of the estate of the decedent with the will annexed, and petitioned for the probate of the copy of the will, and the issuance of letters of administration thereunder to him. Robert Stevenson, a brother of the decedent, on the second day of August, A. D. 1883, petitioned that said letters be issued to him. Both petitions were heard together. The court below admitted the copy of the will to probate, granted letters as prayed for to the public administrator, and denied the application of Stevenson, who appealed from the order made by the court in the premises.

To us it is very evident that the public administrator, the nominee of the surviving wife of the decedent, was the proper party to whom letters of administration were rightfully granted. Section 1365, Code of Civil Procedure, reads as follows: "Administration of the estate of a person dying intestate must be granted to some one or more of the persons hereinafter mentioned, the relatives of the deceased being entitled to administer only when they are entitled to succeed to his personal estate, or some portion thereof, and they are respectively entitled thereto in the following order: 1. The surviving husband or wife, or some competent person whom he or she may request to have appointed."

It clearly appears that this section contains no restriction whatever on the power of the surviving husband or wife first to administer on the estate of the deceased consort, or failing in that, to request, and thereby have appointed, some competent person as administrator. Section 1369, Code of Civil Procedure, renders a nonresident surviving wife *incompetent* to *serve* as the administratrix of her husband's estate, but does not take away

the right given her by section 1365, Code of Civil Procedure, to have letters issued to some competent person whom she shall have requested to act as administrator. (*Estate of Cotter*, 54 Cal. 215.) Section 1379, Code of Civil Procedure, accords to persons other than a surviving husband or wife the right of nominating an administrator, but has no reference to such husband or wife, and their rights in that matter, which are fixed and determined by section 1365, Code of Civil Procedure (*Estate of Cotter, supra*); and that section does not conflict as the appellant contends, in any respect with section 1383, Code of Civil Procedure.

It is unnecessary to determine any other question raised by counsel, and the order should be affirmed.

BELCHER, C. C., and SEARLS, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the order is affirmed.