[No. 14520.   Department Two. — March 12, 1892.]

IN THE MATTER OF THE ESTATE OF CORNELIUS DORRIS, DECEASED.

ESTATES OF DECEDENTS — NOMINATION OF ADMINISTRATOR BY NON-RESIDENT SURVIVING SPOUSE — CONSTRUCTION OF CODE — POLICY OF LAW. — Under sections 1365 and 1369 of the Code of Civil Procedure, construed together, a non-resident surviving spouse, although incompetent to serve as administrator or administratrix of the estate of the deceased spouse, has the right to nominate some fit and competent person to act as administrator; and section 1379 of that code is not inconsistent with that right, the surviving husband or wife being always interested in the estate, and it being the policy of the law that such person, or his or her nominee, shall have the absolute right to control the administration of the estate.

DECISIONS — STARE DECISIS. — A decision of the supreme court which has been in force for over twelve years, and has been accepted and acted upon as correct ever since, and which is not shown to violate any principle of law or work injustice, will not be reversed, even if its correctness is doubted.

APPEAL from an order of the Superior Court of the city and county of San Francisco granting letters of administration.

The facts are stated in the opinion.

*J. D. Sullivan,* for Appellant.

*A. Comte, Jr.,* for Respondent.

Temple, C. — This appeal is taken by the public administrator from an order granting letters of administration to the nominee of the non-resident widow of the deceased.

The only question involved is as to the construction of sections 1365 and 1369 of the Code of Civil Procedure, and appellant contends that this question "has never been squarely presented to the supreme court, and that therefore *Estate of Cotter,* 54 Cal. 215, which has been the authority for the ruling of our courts, and upon which authority the supreme court has rendered its decision in *Estate of Stevenson,* 72 Cal. 164, does not determine the abstract question of construction of provisions of the code."

If the question was not squarely presented in those cases, it is difficult to imagine how it could be so presented. In *Estate of Cotter,* 54 Cal. 215, no other question was involved, and it was discussed fully by the court, and squarely decided. The same is true as to the case of *Estate of Stevenson,* 72 Cal. 164.

The first case was decided more than twelve years ago, and has been accepted and acted upon as correct ever since. It is not shown that it violates any principle of law or works injustice. Under such circumstances, we should not now feel at liberty to reverse the ruling, even if led to doubt its correctness. So far is this from being the case, however, that a careful reading of appellant's brief confirms us in the former view.

We see no inconsistency between the provisions of the sections involved. If the person nominated by the surviving husband or wife be incompetent under section 1369, he should not be appointed. If the surviving husband or wife labor under any of the disabilities mentioned in that section, they could not act, but it would

not follow that they might not nominate a person who could.

Nor is section 1379 inconsistent with this construction. A surviving husband or wife is always interested in the estate, and generally immediately dependent upon it, and the policy of the law plainly is, that he or she shall have the administrative control, if desired. Therefore such person, or his nominee, if a fit person and not incompetent, has the absolute right.

In general, there is not the same reason for favoring the other persons entitled to administer in certain cases. Some of them may not even be interested in the estate. Hence they are only entitled to nominate when they are the persons entitled to administer, and then the nomination is submitted to the discretion of the court, which may, if there is good reason for so doing, refuse to confirm the nominee, and appoint the person next entitled.

We advise that the order be affirmed.

Belcher C., and Vanclief, C., concurred.

The Court. — For the reasons given in the foregoing opinion, the order appealed from is affirmed.