[No. 15179.   Department One. — February 17, 1893.]

In the Matter of the Estate of CLARA CECILIA
BEDELL, Deceased.

Estates of Deceased Persons — Appointment of Administrator — Nom-
inee of Parents — Public Administrator. — The nominee of the
father and mother of a deceased person is entitled to letters of adminis-
tration upon the estate, in preference to the public administrator.

Id. — Construction of Code — Nominee of Person Entitled — Pre-
ferred Right. — Under section 1379 of the Code of Civil Procedure,
the nominee of any person entitled to administration upon an estate by
virtue of section 1365 of that code has a preferred right to the adminis-
tration over a person belonging to any subsequent class mentioned in
the latter section.   Section 1379 is general, and applies to each of the
classes of persons named in section 1365.

Id. — Special Right of Surviving Husband or Wife to Nominate —
Qualification of Person Nominating. — The provision in section
1365 of the Code of Civil Procedure, giving to the surviving husband or
wife the right to nominate some competent person, does not restrict
the right of requesting an appointment to them, to the exclusion of the
general right of nomination conferred by section 1379, but constitutes
a special provision for the appointment of the nominee by the surviving
husband or wife, irrespective of whether they are themselves entitled to
administration, while in other cases only the nominee of one who is him-
self competent to serve can be considered.

Id. — Effect of Written Nomination — Waiver of Right of Admin-
istration — Second Nomination — Right of First Nominee. — A
written request, by one entitled to letters of administration upon an
estate, for the appointment of a nominee is a waiver and relinquishment
of his right to administration in favor of the nominee; and a subsequent
request of the nominor for the appointment of another person does not
render ineffective the first request, and an application thereon for letters
of administration.

Appeal from an order of the Superior Court of the
city and county of San Francisco denying the petition
of the public administrator for letters of administra-
tion upon an estate, and granting the petition of E. W.
Gunther for said letters.

The facts are stated in the opinion of the court.

*J. D. Sullivan,* and *James G. Maguire,* for Appellant.

*William F. Herrin,* and *Arthur Rodgers,* for Respondent.

Harrison, J. — The question presented on this appeal
is, whether the public administrator, or the nominee of

the father and mother of the deceased, is entitled to letters of administration upon her estate.

The deceased left a will, which was admitted to probate; but the person named therein as executor having renounced his right to serve, the father and mother of the deceased severally requested that the court appoint E. W. Gunther as administrator with the will annexed, and a petition for such appointment was thereupon filed by him. The public administrator also filed a petition that administration on the estate be granted to him. Both petitions were heard by the court at the same time, and at the conclusion of the hearing the court made its order appointing Gunther, and denying the application of the public administrator, from which order the public administrator has appealed.

The appellant claims that he is entitled to the administration by virtue of the provisions of section 1365 of the Code of Civil Procedure, while the respondent claims that under the provisions of section 1379 of the Code of Civil Procedure the court was authorized to appoint him in preference to the appellant.

Section 1365 of the Code of Civil Procedure is as follows: "Administration of the estate of a person dying intestate must be granted to some one or more of the persons hereinafter mentioned, the relatives of the deceased being entitled to administer only when they are entitled to succeed to his personal estate, or some portion thereof; and they are respectively entitled thereto in the following order: 1. The surviving husband or wife, or some competent person whom he or she may request to have appointed; 2. The children; 3. The father or mother; . . . . 8. The public administrator; . . . . 10. Any person legally competent."

It is alleged on behalf of the appellant that the several classes named therein have the respective right to be appointed in the order in which they are named in the section, and that, with the exception of the nominee of the husband or wife, the persons named in the section must be preferred in their respective rank to the

nominee of any other prior class; in other words, that in the present case the court could consider only the nominee of a husband of the deceased, and that the public administrator has a preferred right to the administration over that of the nominee of the father. This construction would, however, deprive the provisions of section 1379 of the Code of Civil Procedure of the effect to which its language is entitled. That section provides that "administration may be granted to one or more competent persons, although not otherwise entitled to the same, at the written request of the person entitled, filed in the court." If the relative right of appointment is to be determined by the order in which the parties entitled are enumerated in section 1365, and the nominee of any of the classes therein named, other than that of the husband or wife, is not to be regarded by the court, this provision of section 1379 would lose all effect. The fact that the person entitled is permitted to make a request that administration be granted to a person "not otherwise entitled" must receive some consideration in the construction of the statute, for it is not to be supposed that the legislature has given such permission merely to have the request denied. The evident purpose of the provision is to give to the one entitled to administration the power to select some competent person to discharge the duties of the office; but to hold that his request is not to be considered when resisted by one who belongs to a class subsequent in rank to his own, would be to confine his selection to some person falling within the class immediately after his own.

The provision in section 1365 of the Code of Civil Procedure, giving to the surviving husband or wife the right to nominate some competent person, does not restrict the right of requesting an appointment to them, but makes a special provision for the appointment of their nominee, irrespective of whether they are themselves entitled to administration. (*Estate of Stevenson,* 72 Cal. 164.) But the provisions of section 1379 are general, and apply with equal effect to each of the classes

named in section 1365, the difference between the two sections being, that by section 1365 a non-resident husband or wife, though himself incompetent to serve, may confer upon any other competent person the right to be appointed in preference to any one of the subsequent classes, while by section 1379 only the nominee of one who is himself competent to serve can be considered by the court. (*Estate of Beech,* 63 Cal. 458; *Estate of Hyde,* 64 Cal. 228.) The provision in this section, being general in its terms, and having no qualifications except the conditions named therein, must be construed as giving to the court the discretionary power to grant administration to any competent person who otherwise would not be entitled thereto, at the written request of a person who would be so entitled. The only conditions necessary for invoking the discretion of the court are, that there be a written request from some one who, if applying, would himself be entitled to receive letters of administration, and that the person for whom the request is made be a competent person. In the present case the father was entitled to administration, and the respondent, being a competent person, gave to the court the right to exercise its discretion in making the appointment.

This construction finds confirmation in the provision of section 1383 of the Code of Civil Procedure, that declares that " when letters of administration have been granted to any other person than the surviving husband or wife, child, father, mother, brother, or sister of the intestate, any one of them who is competent, or any competent person at the written request of any one of them, may obtain the revocation of the letters, and be entitled to the administration, by presenting to the court a petition praying the revocation, and that letters of administration may be issued to him." If the court could immediately, upon having appointed the public administrator, revoke his letters at the request of a nominee of the father, it is reasonable to suppose that the legislature

intended by section 1379 to give to it the same discretion in the original appointment of the administrator.

The request of the father for the appointment of the respondent, and the application thereon for administration, was not rendered ineffective by the subsequent request of the father for the appointment of the public administrator. Having once waived and relinquished his right to administration in favor of the respondent, the court was not required to pay any regard to his subsequent request for the appointment of the public administrator. (*Estate of Kirtlan*, 16 Cal. 162.)

The order is affirmed.

PATERSON, J., and GAROUTTE, J., concurred.