### Estate of DANIEL J. BERGIN, Deceased.

[No. 13,113; decided April 10, 1893.]

Foreign Will.—The Public Administrator is not Entitled to letters of administration with the will annexed, as against a resident devisee in a foreign will who files an authenticated copy thereof and of its probate in a foreign jurisdiction, with a petition for letters.

Foreign Will—Construction of Code.—Sections 1322-1324 of the Code of Civil Procedure, dealing as they do exclusively with the subject of foreign wills, furnish the exclusive rule as to their subject matter.

T. I. Bergin, applicant, in pro. per.

J. D. Sullivan and Herbert Choynski, for A. C. Freese, public administrator.

COFFEY, J.   Daniel J. Bergin, deceased, died in March, 1892, in the city of Dublin, Ireland, leaving a last will, which was duly probated in the proper court of that county.   He left some personal property in the city and county of San Francisco, California.   By said will certain persons were appointed executors, and the proponent herein, Thomas I. Bergin, who is a citizen and resident of San Francisco, in the state of California, was named as a devisee.   The said proponent produced and filed with this superior court an authenticated copy of said will and probate, together with a petition

that the same be admitted to probate here, and that letters of administration with the will annexed be issued to him. Afterward A. C. Freese, public administrator of this city and county, also filed a petition for the probate of said will and for the issue of letters of administration to him with the will annexed.

The question of the right of the public administrator to administer in this case depends upon the various provisions of the Code of Civil Procedure upon the subject.

Under section 1726 he must take charge of the estates of persons dying within his county, as follows: 1. Of the estates of decedents for which no administrators are appointed, and which, in consequence thereof, are being wasted, uncared for or lost; 2. Of the estates of decedents who have no known heirs; 3. Of the estates ordered into his hands by the court; and 4. Of the estates upon which letters of administration have been issued to him by the court.

In each of these four instances the deceased must have died within his county, and the question of testacy or intestacy is not a determinative element involving the question of his right to administer. The scope of his duties under this section is more in the nature of caring for derelict estates.

Section 1727 is not here material.

Section 1728 indicates the nature of his duties to be as above stated. The remaining sections, 1729 to 1743, describing the duties of the public administrator, have no special bearing on the question. Merely in virtue of his office he is not entitled to administer, but his office, in the prescribed cases, entitles him to letters of administration, which continue in force even after expiration of his term of office: Rogers v. Hoberlein, 11 Cal. 128; Estate of Aveline, 53 Cal. 260.

Recurring, therefore, to other provisions touching administration of the estates of deceased persons, we find, in section 1294, the jurisdiction where wills must be proved and letters testamentary or of administration granted.

Sections 1298 to 1309 prescribe the procedure of admission to probate of original wills.

Sections 1312 to 1318 relate to contest of wills before probate.

Sections 1327 to 1333 prescribe procedure for contesting wills after probate.

Sections 1338 to 1341 provide for the probate of lost or destroyed wills.

Sections 1344 to 1364 provide for probate of nuncupative wills.

But there may be wills not made or originally proved in California, and sections 1322 to 1324 provide in regard to them, and of them we will hereafter speak more at large.

Section 1348 relates to executors or administrators.

But the decedent may have left no will, and sections 1371 to 1379 provide for administration upon the estates of such persons.

While section 1365 prescribes the order in which persons shall be entitled to administer in such cases, it, among other things, provides that "administration of the estate of a person dying intestate must be granted to some one or more of the persons hereinafter mentioned, . . . . 8th. Public administrator."

To this source must the public administrator appeal for authority to entitle him to administer. As seen from the language of the statute itself, it only applies to the estate of a person dying intestate. Where there is a will, although the will omit to name an executor, the public administrator, therefore, is not entitled to administer.

The provisions of 1365 are inapplicable: Estate of Barton, 52 Cal. 540; Estate of Murphy, Myr. Rep. 185; Estate of Nunan, Myr. Rep. 238.

Such was the rule until changed by the amendment of section 1350 in 1878, which provides that, "If the sole executor, or all the executors, are incompetent, or renounce or fail to apply for letters, or to appear and qualify, letters of administration with the will annexed must be issued as designated and provided for the grant of letters in cases of intestacy."

The only cases touching the right of the public administrator that we find are: Estate of Morgan, 53 Cal. 243, where the court held that he was entitled in preference to the nominee of a married woman, who was, under the law as it then stood, incapable of acting as administrator (245); the

Estate of Cotter, 54 Cal. 215, where the court held that the nominee of a surviving widow was entitled to preference over the public administrator.

The decision in this case has been affirmed in the Estate of Stevenson, 72 Cal. 164, 13 Pac. 404; Estate of Dorris, 93 Cal. 612, 29 Pac. 244.

In the Estate of Kelly, 57 Cal. 81, it was held that the public administrator was entitled to preference over the nominee of a married woman, daughter of the intestate.

In the Estate of Beech, 63 Cal. 458, the court held that he was entitled to preference over the nominee of a nonresident. Of course, in that case the nonresident executor was not entitled to administer. While the decedent in that case died testate, no compliance was shown with the provisions of sections 1323 and 1324, and, as the nonresident executor was not himself qualified to act, he not appearing to claim letters of administration, the court held that his nominee had no better right, and therefore the public administrator had the superior right.

In the Estate of Hyde, 64 Cal. 228, 30 Pac. 804, the same point was similarly decided. None of these decisions, therefore, touches the question before the court.

As already observed, the code prescribes the procedure for the various kinds of original wills, and provides for cases of intestacy. It also provides for the case of foreign wills, which is the case at bar.

The right to administer is, of course, purely of statutory origin, and, in determining who is entitled to administer, the intention of the legislature, as expressed in the language employed in the statute, is the controlling point.

Sections 1322 to 1324 contain express provision in relation to foreign wills and who shall administer under them.

We must, in considering these sections, bear in mind the rules prescribed in the Political Code:

Section 4481: "If the provisions of any title conflict with or contravene the provisions of another title, the provisions of each title must prevail as to all matters, and questions arising out of the subject matter of such title."

Section 4482: "If the provisions of any chapter conflict with or contravene the provisions of another chapter of the

same title, the provisions of each chapter must prevail as to all matters and questions arising out of the subject matter of such chapter.''

Section 4483: ''If the provisions of any article conflict with or contravene the provisions of another article of the same chapter, the provisions of each article must prevail as to all matters and questions arising out of the subject matter of such article.''

Bearing these rules of construction in mind, let us examine sections 1322 to 1324 of the Code of Civil Procedure.

Dealing, as these sections do, exclusively with the subject of foreign wills, they furnish the exclusive rule as to their subject matter.

Section 1322 defines the class of wills that may be allowed and recorded in the superior court of any county in which the testator shall have left any estate. It ordains two things, viz.: 1. The character of foreign wills that may be admitted to probate; 2. The court in which they may be thus admitted.

Section 1323 provides that ''when a copy of the will and the probate thereof, duly authenticated, shall be produced by the executor, or by any other person interested in the will, with a petition for letters, the same must be filed, and the court or judge must appoint a time for the hearing, notice whereof must be given as hereinbefore provided, for an original petition for the probate of a will.''

In this section occur: 1. Authenticated copy of the will; 2. Production of same in the court; 3. Production of the same by the executor; 4. Production of the same by any other person interested in the will, with a petition for letters.

When thus produced, the court must appoint a time for hearing, of which notice shall be given.

Here, therefore, are two classes of persons authorized to produce an authenticated copy of a will, viz.: The executor named in the will, and any other person interested in the will. These persons are thus as definitely ascertained as if they had been enumerated, as is done in section 1365. But, as the article was dealing with an entirely independent subject, viz., foreign wills, it defines the class of those wills that may be admitted to probate, and the person upon whose application

they may be thus admitted, thus giving such persons the right to administer thereunder.

In the Estate of Sanborn, 98 Cal. 103, 32 Pac. 865, the supreme court had occasion to consider who was "a person interested."

Speaking upon the point the court say: "The probate of a will can be contested only upon 'written grounds of opposition' filed by a 'person interested'—that is, interested in the estate, and not in the mere fees of an administration thereof: Code Civ. Proc., secs. 1307-1312. A public administrator has no interest in an estate, or in the probate of a will; that is a matter which concerns only those to whom the estate would otherwise go."

Under section 1324, if on the hearing it appears that the will has been approved and allowed in the foreign country, and that it was executed according to the law of the place in which it was made, or in which the testator was at the time domiciled, or in conformity with the laws of this state, it must be admitted to probate and have the same force and effect as a will first admitted to probate in this state, and letters testamentary or of administration issued thereon.

Of course, letters testamentary can only properly issue to the executor named in the will: Estate of Wood, 36 Cal. 82. Therefore, regardless of all other questions and considerations, the executor named in the will is entitled to letters testamentary. Upon the same principle, an applicant interested in the will is equally entitled to letters of administration. The right of the interested party stands upon precisely the same plane as the right of the executor, as there is no more authority for denial of the right in the one case than in the other.

In this case the applicant is a person interested in the will. The will was properly executed, was properly authenticated, and the only question is as to who is entitled to letters of administration—the public administrator or the petitioner.

The public administrator has no right, and the petitioner is entitled to letters. He comes within the exact letter of the statute. The public administrator as such has no right. The decedent did not die in the city and county of San Francisco; he did not die intestate; the will in question is a

foreign will, duly approved, allowed and authenticated, and under no provision of the Code of Civil Procedure has the public administrator the better right to administer.

Petition of public administrator denied.

Petition of T. I. Bergin granted.

The Principal Case was Affirmed by the Supreme Court in 100 Cal. 376, 34 Pac. 867.