## IN RE STEWART'S ESTATE.

[Submitted November 12, 1896.   Decided November 16, 1896.]

ADMINISTRATION—*Minority of widow—Right to nominate administrator.*—Section 55 of the probate practice act (1887) providing that letters of administration must be granted, first, to the surviving husband or wife, "or some competent person whom he or she may request to have appointed," preserves to a widow, who is disqualified under section 59 *Id*, by reason of minority, the right to nominate a person legally qualified to apply for letters of administration and such person is entitled to be appointed in preference to the public administrator.

SAME—*Same.*—Section 58 of the probate practice act (1887) which provided that "if any person entitled to letters is a minor, letters must issue to his guardian or any other person entitled to letters of administration in the discretion of the court," had application to minors generally other than to a surviving husband or wife under the age of majority yet old enough to lawfully contract the marital relation. As to minors sustaining such relationship the statute giving the right to nominate is special and controls.

*Appeal from Fourth Judicial District, Missoula County.*

PETITION for letters of administration. Orders granting

the petition of the public administrator and denying the petition of a person nominated by the decedent's widow were made by Woody, J.   Reversed.

Statement of the case by the justice delivering the opinion.

John P. Stewart died intestate at Missoula county, on March 24th, 1895.   He left an estate valued at about $15,000. There survived him his wife, aged sixteen years, and one minor child.   On March 30th, 1895, the public administrator petitioned for letters of administration.   On April 4th, thereafter, John M. Keith, the appellant herein, filed a protest against the right of the public administrator to letters, based upon the ground that the decedent left a widow, Mary Stewart, residing in Missoula county, who in writing had especially named and requested that the said Keith be granted letters of administration.   Regular application for letters was made by Keith.   Upon April 1, Mrs. Stewart filed a written consent and request that Keith be appointed administrator of the estate of her deceased husband, and she expressly waived her right as his wife to qualify, in favor of said John M. Keith.   The court overruled the objections of Keith and denied his petition for letters, and ordered that letters of administration should issue to W. B. Brooks, the public administrator.   Keith duly excepted and appeals to this court from the judgment and order rejecting his petition for appointment and allowing the petition of Brooks, and from the order appointing Brooks administrator of the estate.

*Marshall & Corbett*, for Appellant.

HUNT, J.—The point for decision is this :   Which has a better legal right to administer the estate of the deceased, Brooks, as public administrator, or Keith, in whose favor the widow relinquished any rights she may have had ?   ·

The sections of the Probate Practice Act, Compiled Statutes, 1887, applicable to the controversy, are as follows :

Section 55.   "Letters of administration on the estate of a

person dying intestate must be granted to some one or more of the persons hereinafter mentioned, who are respectively entitled thereto, in the following order :

"First.    The surviving husband or wife, or some competent person whom he or she may request to have appointed.

"Second.    The children.

"Third.    The father and mother.

"Fourth.    The brothers.

"Fifth.    The sisters.

"Sixth.    The grandchildren.

"Seventh.    The next of kin entitled to share in distribution of the estate.

"Eighth.    The public administrator.

"Ninth.    The creditors.

"Tenth.    Any person legally competent.

"If the decedent was a member of a co-partnership at the time of his death the surviving partner must in no instance be appointed administrator of the estate.    And provided further, that no person who is not a resident of this state shall be appointed administrator," etc.

Section 59.    "No person is competent to serve as administrator or administratrix, who, when appointed, is

"First.    Under the age of majority.

"Second.    Convicted of an infamous crime.

"Third.    Adjudged by the court to be incompetent to execute the duties of the trust by reason of drunkenness, improvidence, or want of understanding or integrity."

The respondent's contention must be that, where the widow is a minor, she is necessarily incompetent to serve herself, and that inasmuch as she is incompetent to serve herself, she is also incompetent to name some competent person whom she may request to have appointed.    But we do not think this contention can be sustained.    The first right to administer is granted to the surviving husband or wife; yet it might often happen that such survivor would be by non-residence, or other disqualification, incompetent to serve.    But the statute, as if made especially to cover such a contingency, gives

to the surviving husband or wife the right to name some competent person who can serve. This right of the surviving husband or wife to nominate is not made dependent upon the competency to serve of the person occupying such relationship. It is a right of nomination given by virtue of the fact that the person who exercises it stands in the relationship of surviving husband or wife; it is independent of the competency of such husband or wife himself or herself, to serve. The person named for appointment by such surviving husband or wife must be legally qualified as required by section 59, above quoted. But we must not lose sight of the distinction between the right to name the one who shall serve, and the competency of the person who does serve, for the distinction makes the case simple.

A question analogous to this arose in *Estate of Cotter*, 54 Cal. 215, where statutes like the provisions of the Montana code were construed. In that case the wife was a non-resident. She requested that letters be granted to one Thomas Crane, a competent person. The public administrator objected and claimed he had a right to administer the estate. The court held that the statutes prevented anyone from serving who was a non-resident of the state, and the wife, being a non-resident, could not serve, but that, although she could not act as administratrix, yet the law did not deprive her of the right to name some one who could act, provided always, the person suggested by her was competent to serve. The court in that case said :

" The statute does not make the right of the surviving husband or wife to nominate depend upon the matter of residence, and there would be no reason in such requirement. There may be, and doubtless are, however, very good reasons for the provision which declares that no person shall *serve* as administrator or administratrix who is not a *bona fide* resident of the state; but this inhibition, and the reasons for it, only goes to the right of the non-resident surviving husband or wife to *serve* in that capacity, and does not abridge or conflict with the right expressly conferred by section 1365 upon the

"competent person whom he or she may request to have appointed."

A like construction of the statutes of California was adopted *In re Stevenson*, 72 Cal. 164. Both of these decisions were expressly affirmed in *Estate of Dorris*, deceased, 93 Cal. 611. In the latter case the court recognize the policy of the law that the surviving husband or wife shall have administrative control, if desired, and that therefore such survivor, or his or her nominee, if competent and fit, has an absolute right. (*In re Bedell*, 97 Cal. 339.)

There was a statute of Montana, section 58, Probate Practice Act, Compiled Statutes of 1887, which provided that if the person entitled to letters is a minor, letters must issue to his guardian or any other person entitled to letters of administration in the discretion of the court. But we think that statute applies to minors generally other than to a surviving husband or wife under the age of majority, yet old enough to lawfully contract the marital relation. As to minors sustaining such marital relationship, the statute giving the right to nominate is special and controls.

The order of the district court is reversed and the cause remanded with directions to deny the application of Brooks for letters of administration, and to grant the petition of appellant Keith for letters, if he is a competent person.

*Reversed.*

PEMBERTON, C. J. concurs. DE WITT, J., not sitting.