[S. F. No. 2180.   Department One. — March 22, 1901.]

In the Matter of the Estate of WILLIAM DOW, Deceased. JAMES J. DOW, Appellant.   JAMES CROW, Respondent.

ESTATES OF DECEASED PERSONS — RIGHT TO LETTERS — NOMINEE OF RE-MARRIED WIDOW. — The surviving wife of a deceased person, though remarried to another man, has a right to letters, superior to that of a son of the decedent, and a competent person named by her after such remarriage is entitled to letters, in preference to the son.

ID. — CONSTRUCTION OF CODE — RIGHT OF MARRIED WOMAN TO ADMINIS-TER — PUBLIC POLICY. — Section 1370 of the Code of Civil Procedure, authorizing a married woman to be appointed administratrix, includes a right of administration upon the estate of her deceased husband. The survivor has a right to remarry; and such marriage is not in contravention of statute, or against public policy, and, in the absence of a statutory provision, does not deprive the person so marrying of any right conferred by law.

APPEAL from an order of the Superior Court of San Mateo County appointing an administratrix. George A. Buck, Judge.

The facts are stated in the opinion.

O. C. Pratt, and Walter H. Linforth, for Appellant.

Henry W. Walker, for Respondent.

COOPER, C. — Appeal from order appointing administrator. William Dow died intestate, in San Mateo County, in 1882, being a resident of said county at the time of his death, and leaving estate therein. He left, surviving him, his wife, Maggie J. Dow, and a son, James J. Dow. Before any steps were taken to administer upon the estate, the widow married one Sullivan. Petitions were filed for letters by the son, James J., and by James Crow, — the latter at the written request of said Maggie J. Sullivan. An order was made appointing Crow administrator and denying the petition of Dow. The question is as to whether or not the surviving wife, after her marriage with Sullivan, had the right to have Crow appointed at her written request. It is provided in section 1365 of the Code of Civil Procedure, that administration of the estate of a person

dying intestate must be granted to some one or more of the persons mentioned therein, and that of the persons mentioned they are entitled in the following order: —

"1. The surviving husband or wife, or some competent person whom he or she may request to have appointed."

It has been held, under the above section, that the surviving wife, although incompetent to serve on account of non-residence, is nevertheless entitled to nominate a suitable person for administrator. (*Estate of Cotter*, 54 Cal. 215.)

It was held in the above case that the written request was a right given by statute, and that it was the duty of the court to appoint the person so requested.

In the case at bar, Mrs. Sullivan was entitled to be appointed, and to administer upon the estate, although a married woman. (Code Civ. Proc., sec. 1370.) The policy of the law is to give the right to the surviving husband or wife, not only to administer, but to have a person appointed upon request. So fully does the law carry out this policy, that if letters have been granted to a child, father, brother, or sister of the intestate, the surviving husband or wife may assert his prior right and obtain letters of administration and have the prior letters revoked. (Code Civ. Proc., sec. 1386.)

In this case, if letters of administration had been issued to the son without objection, the surviving wife might have them revoked and be appointed herself. Her right to request the appointment of a competent person is given in the very same sentence of the same subdivision of the section which gives her the right to administer. It is argued that after her marriage she ceased to be the "surviving wife" within the meaning of the section. True, she is not the wife of deceased. She could not be the wife of her husband after his death. She was his widow, but she was during life his wife, and as his wife she survived him. When the legislature used the words, "surviving husband or wife," it intended to designate the survivor of the spouses, and to give to such survivor the right to administer, or to name some person to administer.

In speaking of the right to request, in *In re Bedell*, 97 Cal. 341, it is said: —

"The evident purpose of the provision is to give to the one entitled to administration the power to select some competent person to discharge the duties of the office; but to hold that his request is not to be considered when resisted by one who

belongs to a class subsequent in rank to his own, would be to confine his selection to some person falling within the class immediately after his own."

*In re Allen,* 78 Cal. 582, is not in conflict with what we have said. The decision was made under the statute prior to the amendment of 1891, which provided that a married woman must not be appointed administratrix. It was held that as she was expressly prohibited by the statute from being appointed administratrix, she did not have the right to give to one a greater right than she had herself. If the contention of appellant is correct, then Mrs. Sullivan would not be entitled to letters, if she applied in person. If this is the law, then the amendment to section 1370 of the Code of Civil Procedure, authorizing a married woman to be appointed administratrix, must have reference to estates of others than her deceased husband. We cannot think it was the legislative intent to allow a married woman to become administratrix of estates in which she has no interest, and to deprive her of that right upon the estate of her ·deceased husband, in which she is vitally interested. After the death of the husband or wife, the survivor has the right to marry. Such marriage is not in contravention of any statute, nor is it against public policy. In the absence of a statutory provision, such marriage does not deprive the party so marrying from the right to hold property, administer upon an estate, or to do any other lawful act.

The order should be affirmed.

Gray, C., and Haynes, C., concurred.

For the reasons given in the forgoing opinion the order is affirmed.        Harrison, J., Garoutte, J.; Van Dyke, J.