JOSEPH H. STRONG, Public Admr.

*v.*

PETER A. DIGNAN, Admr.

| 207 | 385 |
|-----|-----|
| 215 | 335 |

*Opinion filed February 17, 1904.*

1. CONSTITUTIONAL LAW—*appointment of administrator constitutes a part of the practice of courts of justice.* The appointment of an administrator and the manner of his selection constitute a part of the practice of courts of justice, within the meaning of the provisions of the constitution prohibiting special legislation regulating the practice in courts of justice or relating to courts.

2. SAME—*part of section 18 of the Administration act is invalid.* That part of section 18 of the Administration act, (Laws of 1897, p. 1,) requiring the appointment of the public administrator in counties of over two hundred thousand inhabitants where the intestate is a non-resident or has no widow, next of kin or creditors in this State, is special legislation, and as such is unconstitutional.

3. SAME—*what essential to validity of classification of counties by population.* Classification of counties by population, as a basis for legislation, is valid, provided the legislation is uniform and general and there is some reasonable relation between the situation of the counties classified and the purposes of the law.

4. SAME—*that part of section 18 of Administration act referring to the nomination of administrator is valid.* That part of section 18 of the Administration act, (Laws of 1897, p. 1,) which authorizes the next of kin, in certain cases, to nominate a competent person to act as administrator, is valid, although that part of said section authorizing appointment of the public administrator is void.

5. EXECUTORS AND ADMINISTRATORS—*right of a non-resident widow or next of kin to nominate administrator.* Under section 18 of the Administration act, as amended in 1897, (Laws of 1897, p. 1,) the widow or next of kin, even though non-residents, may nominate to the court some competent person to act as administrator.

WILKIN, J., dissenting.

APPEAL from the Probate Court of Cook county; the Hon. C. S. CUTTING, Judge, presiding.

This is an appeal from an order, entered by the probate court of Cook county on May 26, 1903, revoking the letters of administration issued to Joseph H. Strong of Cook county upon the estate of Jeremiah Ahearn, de-

ceased, and granting letters of administration *de bonis non* to Peter A. Dignan, on the petition of Mary Lavis, a resident of Massachusetts.

Jeremiah Ahearn died intestate in Chicago on March 15, 1903, without a widow, next of kin or creditors in this State, possessed of no real estate but of certain personal property, the amount of which is in dispute. He left him surviving, as his only heirs-at-law, Mary Lavis, a sister, and Morris Ahearn, a brother, both residing in the State of Massachusetts. On March 17, 1903, letters of administration were issued by the probate court of Cook county to Joseph H. Strong, public administrator of that county, on his petition therefor on his official bond, and in his official capacity.

On May 13, 1903, within sixty days after the death of the decedent, Jeremiah Ahearn, Mary Lavis filed her petition in said court, asking that the letters of administration theretofore issued to Joseph H. Strong be revoked, and that Peter A. Dignan, a resident of Chicago, in Cook county, be appointed administrator *de bonis non* by said court. An order was entered in accordance with the prayer of the petition on May 26, 1903, as above stated, in which order, removing appellant, the public administrator, and appointing appellee as administrator, the court found that no claims had been filed against the estate; that no order of adjudication had been entered; that Mary Lavis was entitled to select a suitable person to act as administrator; that appellee was a suitable person duly qualified under the laws of Illinois to so act; and in said order it is expressly found by the probate court, as a reason for its action, that that portion of section 18 of chapter 3 of the Revised Statutes of the State of Illinois, relating to the administration of estates hereinafter set forth, was unconstitutional and void, to-wit: "In all cases where the intestate is a non-resident, and in all cases where the intestate is without a widow, next of kin or creditors in this State, but leaves property

within the State, administration shall be granted to the public administrator of the proper county, when such county contains a population of two hundred thousand inhabitants or over."

BURRAS & McKENZIE, for appellant.

JOHN S. HUEY, for appellee.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

Two questions are presented by this record: *First,* is that portion of section 18 of the Administration act of this State, which is set forth in the statement, preceding this opinion, constitutional? and, *second,* did Mary Lavis, sister of the deceased intestate, being a resident of Massachusetts, have the right, under the provisions of said section, to nominate a competent person to act as administrator of the estate?

Section 18 of chapter 3 of the Revised Statutes, entitled "An act in regard to the administration of estates," as amended in 1897, is as follows: "Administration shall be granted upon the goods and chattels of decedent to the surviving husband or wife, or to next of kin to the intestate, or some of them, if they will accept the same, or the court may grant letters of administration to some competent person who may be nominated to the court by either of them, but in all cases the surviving husband or wife or the persons so nominated by him or her, respectively, shall have the preference, and if none of the persons hereinbefore mentioned applies within sixty days from the death of the intestate, the county court may grant administration to the public administrator of the proper county, or to any creditor who shall apply for the same. If no creditor applies within fifteen days next after the lapse of sixty days as aforesaid, administration may be granted to any person whom the county court may think will best manage the estate: *Provided,* that in

all counties having a population of two hundred thousand inhabitants or over, it shall be the duty of the county court to commit the administration of such estate to the public administrator of the proper county. In all cases where the intestate is a non-resident, and in all cases where the intestate is without a widow, next of kin or creditors in this State, but leaves property within the State, administration shall be granted to the public administrator of the proper county, when such county contains a population of two hundred thousand inhabitants or over.   And in all cases where any contest shall arise between the widow, heirs-at-law, next of kin, or creditors of the intestate, in relation to the grant of letters of administration, and it shall appear to the court that the estate of said intestate is liable to waste, loss or embezzlement, administration to collect shall be granted to the public administrator of the proper county, when such county contains a population of two hundred thousand inhabitants or over: *Provided,* that no administration shall, in any case, be granted until satisfactory proof be made before the county court to whom application for that purpose is made, that the person in whose estate letters of administration are requested is dead, and died intestate: *And provided further,* that when the heirs are resident of this State, and the estate is solvent and without minor heirs, and it is desired by the parties in interest to settle the estate without administration, this law shall not apply: *And provided further,* that no non-resident of this State shall be appointed administrator, and no non-resident shall be appointed or act as executor." (4 Starr & Curt. Ann. Stat. p. 32).

*First*—The third sentence of section 18, as above quoted, is claimed to be unconstitutional as being local or special legislation. The provisions of the constitution, which it is said to contravene, are section 22 of article 4, and section 29 of article 6 of the constitution. (1 Starr & Curt. Ann. Stat.—2d ed.—pp. 134 and 158). Section 22,

so far as it is necessary to quote the same in the present case, provides that "the General Assembly shall not pass local or special laws in any of the following enumerated cases, that is to say; For * * * regulating the practice in courts of justice. * * * In all other cases where a general law can be made applicable, no special law shall be enacted." The portion of said section 29, which is applicable here, is as follows: "All laws relating to courts shall be general and of uniform operation; and the organization, jurisdiction, powers, proceedings and practice of all courts, of the same class or grade, so far as regulated by law, and the force and effect of the process, judgments and decrees of such courts, severally, shall be uniform." The sentence in question, in providing that "in all cases where the intestate is a non-resident, and in all cases where the intestate is without a widow, next of kin or creditors in this State, but leaves property within the State, administration shall be granted to the public administrator of the proper county, when such county contains a population of two hundred thousand inhabitants or over," is certainly special legislation, because it can only apply to Cook county, inasmuch as Cook county is the only county in the State, which has a population of two hundred thousand inhabitants. We have held that a designation of counties as a class according to a minimum population, "which makes it absolutely certain but one county in the State can avail of the benefits of the law applicable to such class, can not but be regarded as a mere device to evade the constitutional provision forbidding special legislation." (*Devine* v. *Commissioners of Cook County*, 84 Ill. 590; *Cummings* v. *City of Chicago*, 144 id. 563). The third sentence of said section 18, being the one here under consideration and quoted in the statement preceding this opinion, in excepting Cook county from its operation, rests upon no just or reasonable basis of classification. There is no reason why administration should be granted to the pub-

lic administrator in Cook county, and not to the public administrator in any other county, where the intestate is a non-resident, or dies without a widow, next of kin or creditors in Illinois, and leaves property within Illinois. If, in such case, it is proper to select the public administrator as the person to administer upon the estate in Cook county, it would be equally proper to select the public administrator to administer upon such an estate in any other county.

The appointment of an administrator, and the mode of selecting an administrator, certainly constitute a part of the practice in probate courts, which are courts of justice. A law, which provides a different mode of appointment or selection, for a county having a population of two hundred thousand inhabitants or over, from that which provides for such appointment or selection in counties having a less number of inhabitants, is a special law regulating the practice in courts of justice. It makes the practice as to the mode of appointing and selecting administrators different in one county from what it is in other counties, without resting such difference upon any reasonable basis of classification. Under section 29 of article 6 of the constitution above quoted, the "proceedings and practice of all courts, of the same class or grade, so far as regulated by law, and the force and effect of the process, judgments and decrees of such courts, severally, shall be uniform." This provision of the constitution is violated, where one mode of appointing and selecting administrators prevails in the probate court of one county, and a different mode prevails in the probate courts, or county courts having probate jurisdiction, of the other counties. While it is true that a classification of the counties of the State by population, as a basis for legislation, is valid, yet all legislation on that subject must be by uniform and general laws. There must also be some reasonable relation between the situation of counties classified and the purposes and objects to be at-,

tained. In other words, as has been said, "there must be something in the nature of things which in some reasonable degree accounts for the division into classes." (*People* v. *Martin*, 178 Ill. 611; *Knopf* v. *People*, 185 id. 20; *People* v. *Board of Supervisors*, id. 288; *People* v. *Knopf*, 183 id. 410). It is difficult to conceive of anything in the nature of things, which, in any reasonable degree, accounts for the division of counties into classes, having populations exceeding two hundred thousand inhabitants and having populations less than two hundred thousand inhabitants, so as to make it proper to appoint the public administrator in counties of the former class and some other person in counties of the latter class, where the intestate dying is a non-resident, or has no widow, or next of kin, or creditors in this State.

We are, therefore, of the opinion that the probate court of Cook county decided correctly in holding that the clause of section 18 here under consideration is unconstitutional, as being special legislation. A general law, applicable to all the counties in the State, could as well have been passed, as the special law here attacked as unconstitutional.

*Second*—The next question is, whether or not the non-resident sister of the deceased intestate, Jeremiah Ahearn, had the right to nominate to the probate court a competent person to act as administrator. Mary Lavis, the sister, did nominate the appellee to the probate court to be so appointed, and the probate court appointed appellee in accordance with her nomination.

Section 18 provides that "administration shall be granted upon the goods and chattels of decedent to the surviving husband or wife, or to next of kin to the intestate, or some of them, if they will accept the same, or the court may grant letters of administration to some competent person, who may be nominated to the court by either of them," etc. The nomination of appellee was made within sixty days after the death of decedent, such

being the time required by the statute. The words, "who may be nominated to the court by either of them," refer back "to the surviving husband or wife or to next of kin to the intestate." The next of kin to the intestate can nominate a competent person to the probate court to act as administrator. Here, Mary Lavis, the decedent's sister, was one of the next of kin to the intestate. It is true that she was a resident of the State of Massachusetts, and not of Illinois, but the language of the first sentence of section 18 is broad enough to include a person, occupying the position of next of kin who is a non-resident, as well as a person who is a resident. It is true, also, that, in a subsequent part of the section, no person who is not a resident of the State can be appointed administrator; but there is no statement anywhere in the section that a non-resident next of kin may not nominate a person to act as administrator, provided such person is a resident of Illinois. The reasons, which would militate against the appointment of a non-resident as administrator, would not apply to the selection of a resident administrator by a non-resident kinsman. The court could not call a non-resident administrator to account, as could be done in the case of a resident administrator, nor could the court exercise over a foreign administrator the same degree of control in the management of the estate, as it could exercise in the case of a resident administrator. But whatever advantage would be secured to the estate by the selection of a resident administrator would be gained, as well when such resident administrator, if otherwise competent, was nominated by a non-resident kinsman of the deceased, as when he was nominated by a resident kinsman. In other words, it could make no difference in the character of the administration, whether the person, nominating the administrator, was a resident of the State or not, provided the administrator was a resident of this State and a competent person to act.

In *Branch* v. *Rankin*, 108 Ill. 444, this court had under consideration the construction of section 46 of the Administration act, which provides that: "Whenever any person dies seized or possessed of any real estate within this State, or having any right or interest therein, has no relative or creditor within this State, who will administer upon such deceased person's estate, it shall be the duty of the county court, upon application of any person interested therein, to commit the administration of such estate to the public administrator of the proper county;" and it was there held that the words, "any person interested," were not limited to a person residing in this State, but were general and applicable to a non-resident creditor, it being there said: "This section, in its language, fully covers the present case. It is said, 'any person interested' means such a person residing in this State; but there is no such restriction to be found in the language of the section—the words are general, with no limitation in this respect."

In *Estate of Cotter*, 54 Cal. 215, it was held that the surviving husband or wife of a deceased person, though incompetent to serve on account of non-residence, nevertheless was entitled to nominate a suitable person for administrator.

It has been held in North Carolina that, where the next of kin reside abroad, the court will grant administration to the nominee of such next of kin. (*Smith* v. *Munroe*, 1 Ired. L. (23 N. C.) 345; *Little* v. *Barry*, 94 N. C. 433.)

It is true that the third sentence of section 18 provides that in all cases, where the intestate is without a widow, next of kin or creditors in this State, but leaves property within this State, administration shall be granted to the public administrator only when such county contains a population of two hundred thousand, or over. But the third sentence of the section makes no reference to the nomination to the probate court of any competent person to act as administrator. Although

the provision is that, when an intestate dies without a widow, next of kin or creditors in this State, leaving property here, administration shall be granted to the public administrator, yet there is no provision that, if the intestate dies without a widow, next of kin or creditors in this State, and no competent person is nominated by the next of kin, the public administrator is to act. In other words, the provision, that a competent person may be nominated to the court by a non-resident next of kin, would remain and be applicable to all the counties of the State, including Cook county, even though the third sentence of the section were eliminated. As the third sentence now stands, and if it were permitted to remain as a part of the section, it would involve and imply an exception, so far as the nomination of an administrator to the court by a non-resident next of kin is concerned. If the third sentence had provided that, in all cases where the intestate is without a widow, next of kin or creditors in this State, and where no next of kin, either resident or non-resident, nominates a person to act as administrator to the probate court, then a different question would arise, but such is not the language of the section.

We are, therefore, of the opinion that, notwithstanding the elimination of the third section as being unconstitutional, the clause, which authorizes a next of kin, whether resident or non-resident, to nominate an administrator to the probate court, remains and is valid.

Taking this view, that is, that the non-resident sister had a right to nominate the administrator, the probate court of Cook county revoked the letters, issued to the public administrator, and appointed the appellee. We think that this action of the probate court was correct and authorized by the language of the section.

Accordingly, the judgment or order of the probate court is affirmed.       *Judgment affirmed.*

Mr. JUSTICE WILKIN, dissenting.