No. 12,101.

Estate of Bourquin.
Weiss v. Salvation Army.

Decided July 2, 1928.

Mr. L. J. Stark, Mr. F. R. Lilyard, Mr. R. R. Irwin, for plaintiff in error.

Messrs. Pershing, Nye, Tallmadge & Bosworth, for defendants in error.

*En Banc.*

Mr. Chief Justice Denison delivered the opinion of the court.

Frank L. Grant was appointed administrator c. t. a. of the estate of Auguste Ali Bourquin, a citizen of Switzerland, who died in Denver, testate, without appointment of an executor, and having no relation in this state. Paul Weiss, Swiss consul in Denver, claimed the right to administer the estate but was defeated. He brings the matter here on error, moves for supersedeas and requests a final decision on that motion.

The estate was approximately $175,000. After various specific legacies the Salvation Army, of Denver, Colorado, was made sole residuary legatee.

Grant claims the right to the appointment by virtue of C. L. § 5221, and the application of the residuary legatee. We think his right is clear. That section reads:

" * * * Where there shall be no executors named in such will * * * letters of administration with the will annexed shall be granted to such person or persons as would have been entitled to administer if such decedent had died intestate, unless the residuary legatees and devisees shall within ten days after such will shall be proved and admitted to record * * * apply to the court for the appointment of some other person, in which event the person so agreed upon shall be appointed; * * *."

The will was proven and admitted to record and within ten days thereafter the Salvation Army, of Denver, Colo-

rado, applied to the court for the appointment of Grant, and, by the terms of the statute, the court was required to appoint him.

Mr. Weiss, however, claims the right to the appointment under the treaty of the United States with Switzerland of November 25, 1850 (11 Stat. at Large, 591) article 7 of which is as follows: "The contracting parties give to each other the privilege of having, each, in the large cities and important commercial places of their respective states, consuls and vice-consuls of their own appointment, who shall enjoy the same privileges and powers in the discharge of their duties as those of the most favored nations."

The treaties between the United States and Sweden, Paraguay and Great Britain are relied on as "of the most favored nations."

The Swedish treaty of June 1, 1910 (37 Stat. at Large, 1487, Art. 14) provides that if a citizen of Sweden dies in our territory "without will or testament" the Swedish Consul shall "have the right to be appointed as administrator of such estate." The treaty with Paraguay of February 4, 1859, article 10 (12 Stat. at Large, 1095) provides that if a citizen of that country dies in this country "without will or testament" the consul shall take charge of his property "until an executor or administrator be named by the said * * * consul * * *."

The treaty with Great Britain of March 2, 1899, article 3 (31 Stat. at Large, 1940) says that if a citizen of that country dies in our territory without having here "any known heirs or testamentary executors by him appointed," the local authorities shall immediately inform the nearest English consular officer "in order that the necessary information may be immediately forwarded to persons interested."

Bourquin did not die "without a will or testament," therefore his estate is not within the terms of the treaty with Sweden nor of that with Paraguay; the treaty with

Great Britain contains no provision for the appointment of a consul or consul's nominee, so the fact that no executor was named in his will, and the fact, if it be a fact, that he left no heir in this country or in this state, are neither of them relevant. Bourquin left a will and his estate is to be administered not according to the statutes or treaties with reference to intestate estates but testate.

The plaintiff in error claims that since Bourquin appointed no executor he "died intestate in so far as failing to appoint an executor in his will," which is obvious, yet the fact remains that he left a will, and so is not within the terms of the Swedish or Paraguayan treaty; and being neither within the terms of our treaties with most favored nations nor with Switzerland herself, the plaintiff in error cannot claim a right to the appointment.

Plaintiff in error argues that one not himself qualified to receive the appointment will not be held qualified to name one for appointment, but he cites no case where as here specific statutory authority is given to name such a one. The argument requires us to add an important qualification or exception to the statute which we have no right to do. *Estate of Cotter,* 54 Cal. 215; *In re Stevenson,* 72 Cal. 164, 13 Pac. 404; *In re Dorris,* 93 Cal. 611, 29 Pac. 244; *Strong v. Dignan,* 207 Ill. 385, 69 N. E. 909; *In re Stewart's Est.,* 18 Mont. 595, 46 Pac. 806; *McLean v. Roller,* 33 Wash. 166, 73 Pac. 1123.

It is argued on behalf of Mr. Weiss that by C. L. § 5251, in case of the death of one leaving property in this state, but no relative therein, the heir at law may within sixty days after the death name a qualified person for appointment, and that Mr. Weiss has been named by foreign heirs at law for this appointment. It is scarcely necessary to say that one so named falls within the category, mentioned in § 5221, i. e., "such person or persons as would have been entitled to administer, etc., * * *," to whom the nominee of the residuary legatee is by that section preferred. Bourquin left a will and the estate must be administered according to that section.

Judgment affirmed.