Mark **SCHWARTZ** By and Through his guardians Julie **SCHWARTZ** and Jim **Richardson,** Plaintiff-Appellant,

v.

**TOM BROWN, INC.,** a Nevada corporation, Defendant-Appellee,

**Texas Tanque Mfg.,** a Texas corporation, and **Industrial Gas Services, Inc.,** a Colorado corporation, Defendants.

**No. 81CA1131.**

Colorado Court of Appeals, Div. III.

July 15, 1982.

Andersen & Gehlhausen, P. C., John Gehlhausen, Lamar, for plaintiff-appellant.

Rector, Retherford, Mullen & Johnson, L. Dan Rector, Colorado Springs, for defendant-appellee.

KIRSHBAUM, Judge.

Plaintiff, Mark Schwartz, by and through his guardians Julie Schwartz and Jim Richardson, appeals the trial court's judgment granting a motion for summary judgment filed by defendant Tom Brown, Inc. We affirm.

The record discloses the following undisputed facts. Tom Brown, Inc., owns certain real property, known as the Barrel Springs gas fields, near Lamar, Colorado. In 1974, the Lamar Utilities Board (the Board) contracted with Tom Brown, Inc., for the purchase of natural gas from the field. In 1975, the parties agreed that the Board would operate several of the field's gas wells. The Board hired plaintiff and another person to operate and maintain these wells.

On May 11, 1979, plaintiff was injured while working at one of the Barrel Springs gas field wells operated by the Board. Plaintiff admitted in his answers to requests for admissions that at the time of the accident he was an employee of the City of Lamar; that he was subject to the provisions of the Workers' Compensation Act of Colorado, § 8–40–101 ct seq., C.R.S.1973; and that the City of Lamar had in effect appropriate coverage under the Act. Plaintiff's wages had been paid by the city, and he received workers' compensation payments from the city for the injuries he sustained.

In February 1981, plaintiff instituted this tort suit for injuries allegedly suffered on May 11, 1979, against Tom Brown, Inc., and others not involved in this appeal. Tom Brown, Inc., then successfully moved for summary judgment on the ground that it was immune from suit because it was a statutory employer under § 8–48–102, C.R.S.1973 (1981 Cum.Supp.). The trial court entered an appropriate C.R.C.P. 54(b) order respecting the finality of its ruling on that motion.

Plaintiff contends that summary judgment was improper because the evidence was conflicting concerning whether the Board was an "employer" under § 8–48–102(2), C.R.S.1973 (1981 Cum.Supp.). We disagree.

Section 8–48–102, C.R.S.1973 (1981 Cum. Supp.), provides, in pertinent part:

"(1) Every person, company, or corporation owning any real property or improvements thereon and contracting out *any work* done on and to said property to any contractor, subcontractor, or person who hires or uses employees in the doing of *such work* shall be deemed to be an employer under the terms of articles 40 to 54 of this title. Every such contractor, subcontractor, and person, as well as their employees, shall be deemed to be employees, and such employer shall be liable as provided in said articles to pay compensation for injury ... to said contractor and subcontractor and their employees ... and, before commencing *said work*, shall insure and keep insured his liability as provided in said articles ....

"(2) If said contractor, subcontractor, or person doing or undertaking to do *any work* for an owner of property, as provided in subsection (1) of this section, is himself *an employer in the doing of such work* and, before commencing *such work*, insures and keeps insured his liability for compensation ... neither said contractor, subcontractor, or person nor his employees or insurers shall have any right of contribution or action of any kind ... against the person, company, or corporation owning real property and improvements thereon which contracts out *work* done on said property, or against its employees, servants, or agents." (emphasis added)

In this case the "work" in question is the operation of gas wells. Plaintiff concedes that Tom Brown, Inc., is an "employer" under subsection (1) of the statute. However, plaintiff argues that a factual dispute remains concerning whether the Board is "an employer in the doing of such work" pursuant to subsection (2) of the statute. *Cf. Varela v. Colorado Milling & Elevator Co.,* 31 Colo.App. 49, 499 P.2d 1206 (1972). Such determination is, of course, critical to the issue of the exception claimed by Tom Brown, Inc., under subsection (2).

■ The Lamar City Charter creates the "Utilities Board of the City of Lamar." *Lamar City Charter* § 7–1. *Lamar City Charter* § 7–2 states that the Board shall function as a separate unit of city government with the power and duty "to do any and all acts or things that are necessary, convenient or desirable in order to operate, maintain, enlarge, extend, preserve and promote ... economic and businesslike administration of the utility system." *Lamar City Charter* § 7–5(a)(4) further provides that the Board may "[e]nter into all contracts, leases, and agreements," both inside and outside the city limits, in the efficient and economical operation of the utilities department. And, *Lamar City Charter* § 7–5(c)(1) permits the Board to contract with any individual for the joint use of "property belonging ... to the other contracting party ...."

The Board's superintendent testified in deposition that the Board agreed to operate the gas wells owned by Tom Brown, Inc., because of the belief that it could do "a more adequate job" of keeping the gas fields producing. He also stated that prior to May 1979, the Board had operated another gas well unrelated to its agreement with Tom Brown, Inc., and that the Board anticipated future contracts for the operation of other gas wells. This uncontroverted testimony established that in 1979 the Board had authority to operate gas wells and that it was engaged in the business of operating gas wells.

We therefore conclude that no genuine factual dispute remains respecting the Board's status as an "employer" under § 8–48–102(2), C.R.S.1973 (1981 Cum. Supp.). *See generally Bailey v. Clausen,* 192 Colo. 297, 557 P.2d 1207 (1976).

■ Plaintiff also asserts that § 8–48–102(2), C.R.S.1973 (1981 Cum.Supp.), requires a minimal competency test for designation as a "contractor, subcontractor, or other person," and that because the Board's employees were inexperienced and inadequately trained, a fact question exists regarding the Board's competency in the operation of gas wells. The General Assem-

bly has required no such competency or experience test, and we are not at liberty to add such requirement to the statute. *See Estate of Bourquin,* 84 Colo. 275, 269 P. 903 (1928); *Wilkinson v. Wilkinson,* 41 Colo. App. 364, 585 P.2d 599 (1978).

The judgment is affirmed.

SMITH and KELLY, JJ., concur.